[No. B001301. Second Dist., Div. Seven. May 8, 1985.]

PATRICIA SANKER, Plaintiff and Respondent, v.
LARRY BROWN, Defendant and Appellant.

**COUNSEL**

Michael Worthington for Defendant and Appellant.

Berkovitz, Schilit & Ziskin and David A. Berkovitz for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Defendant Brown appeals from an order denying his motion to vacate the arbitration award in favor of plaintiff Sanker. We reverse and remand with directions.

### FACTS AND PROCEEDINGS BELOW

Larry Brown and Patricia Sanker purchased a residence in joint tenancy. They were never married but they lived together as man and wife for a short time and made the residence their home. After they separated, Sanker filed suit seeking a partition sale of the residence. Brown cross-complained for a declaration of a resulting trust in the property.

Notice of arbitration conference was sent to plaintiff pursuant to section 1141.10 et seq. of the Code of Civil Procedure and rule 1600 et seq. of the California Rules of Court.[1] The parties, through their respective counsel, responded to this notice by filing a stipulation re arbitration in which they stipulated the case would be arbitrated in accordance with rule 1600 et seq. The stipulation also contained a provision in which the parties waived their right to a trial de novo. (See § 1141.20 and rule 1616.)

---

[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure and all rules cited are California Rules of Court.

An arbitration hearing was held resulting in an award of judgment in favor of Sanker directing Brown to sell the property and share the net proceeds equally with her.

Within the applicable time limit, Brown filed a request for trial de novo. The trial court rejected the request on the basis of the stipulation which purported to waive both parties' right to a trial. Brown then moved to set aside the arbitration award on the ground he had never agreed to waive his right to a trial de novo and his attorney's stipulation waiving his right to trial was the result of mistake or inadvertence. Declarations filed by Brown and his attorney supported Brown's contentions. Brown testified, ". . . I never understood this to be a binding arbitration" and "I was told . . . that the arbitration opinion would be advisory only and that no partition sale could result from the arbitrator's award." Brown's former attorney testified, "I did not intend for the arbitration to be binding. My objective, as discussed with [plaintiff's attorney] was to obtain an advisory ruling from an impartial third party . . . . The Stipulation submitting the matter to arbitration was prepared by [plaintiff's attorney]. I did not notice at the time the matter was submitted that it was a binding arbitration. This was a mistake on my part which was purely inadvertent." There is no credible evidence countering these declarations. Brown alleged other irregularities in the arbitration procedure but because of our decision on his first point we deem it unnecessary to reach the others.

## DISCUSSION

■ While this appeal was pending our Supreme Court handed down its decision in *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396 [212 Cal.Rptr. 151, 696 P.2d 645] holding "an attorney, merely by virtue of his employment as such, has no apparent authority to bind his client to an agreement for arbitration." (*Id.*, at p. 407.) *Blanton* requires reversal of the judgment in the case at bench.

In *Blanton,* as in this case, the client did not agree to binding arbitration, (*id.*, at pp. 399, fn. 1; 402, 403) and, as in this case, repudiated the stipulation upon learning of it. (*Id.*, at p. 402.) In both cases, counsel for the moving parties appear to have been unaware they had agreed to binding arbitration. (*Id.*, at p. 400, fn. 1.)

We recognize allowing a party to object to an allegedly unauthorized stipulation to binding arbitration after an adverse decision has been reached raises the possibility of manipulation—of withholding an objection unless and until an unfavorable decision is announced. *Blanton's* answer to this concern is not to deny the "sacred and inviolable . . . right to a trial,"

(*Wuest* v. *Wuest* (1942) 53 Cal.App.2d 339, 345 [127 P.2d 934]) but to put the burden on each party to ascertain at his or her peril whether the other parties have, in fact, agreed to waive their right to a trial de novo. (38 Cal.3d at p. 406.)

An attorney's mere assertion of authority to waive a trial de novo on behalf of his client cannot be relied upon. (*Ibid.*) Thus, Sanker's counsel could not justifiably rely on the recital in the stipulation, "The parties, personally and through their duly authorized attorneys [waive the right to a trial de novo]." The stipulation form only has signature lines for the attorneys, none for the parties. As we have seen in this case and *Blanton* the attorneys are not always aware of what they are signing.

As *Blanton* suggests, a flood of spurious claims is preventable by counsel insisting upon evidence of the opposing parties' agreement to binding arbitration. Adding a party's signature line to the stipulation is an obvious preventive measure. We also observe that in both *Blanton* and the case at bench the moving parties' former attorneys supported their ex-clients' claims they did not agree to binding arbitration. Indeed, both counsel declared the purported waiver of a trial de novo occurred through their own negligence. Such testimony from an attorney seems to us highly reliable given the exposure to civil liability and professional disrepute attendant thereto.

### DISPOSITION

The order denying defendant's motion to vacate the arbitration award is reversed and the matter is remanded to the trial court with directions to allow defendant to file a request for a trial de novo within 30 days from the date this opinion becomes final.

Lillie, P. J., and Thompson, J., concurred.