[No. H013048. Sixth Dist. Aug. 9, 1995.]

GREGORY ZAZUETA, Plaintiff and Appellant, v.
COUNTY OF SAN BENITO, Defendant and Respondent.

**COUNSEL**

Craig M. Brown for Plaintiff and Appellant.

Whitmore, Johnson & Bolanos, Richard C. Bolanos, Kathryn J. Burke and Julie F. Tompkins for Defendant and Respondent.

**OPINION**

**MIHARA, J.**—Petitioner Gregory Zazueta appeals from a judgment of dismissal after the trial court sustained a demurrer without leave to amend to his petition for writ of mandate. His petition sought to overturn an arbitration award which upheld the termination of his employment as a public safety officer with respondent County of San Benito Sheriff's Department. On appeal, petitioner contends the arbitrator's decision is reviewable pursuant to both Code of Civil Procedure section 1094.5 and Government Code section 3309.5. For the reasons stated below, we affirm the judgment.

*Statement of Facts*

Petitioner was a public safety officer employed by respondent. On September 30, 1992, respondent terminated petitioner's employment for engaging in sexual harassment and other violations of respondent's personnel rules. The termination notice advised petitioner of the availability of either an appeal to the board of supervisors or arbitration as set forth in the memorandum of understanding (MOU) between the County of San Benito (County) and the Deputy Sheriff's Association.

Petitioner elected to submit the matter of his termination to arbitration and specified that he was invoking the binding arbitration clause of the MOU. During the arbitration petitioner contended that certain evidence[1] relied upon by respondent in imposing discipline was the product of an unlawful search and seizure which violated his state and federal constitutional rights and thus warranted application of the exclusionary rule. He also contended this evidence violated his statutory rights as a public safety officer and thus his termination should have been invalidated pursuant to Government Code section 3309.5. The arbitrator denied petitioner's motion to suppress.

On December 31, 1993, the arbitrator issued an opinion and award which upheld petitioner's termination. The arbitrator found that petitioner had violated respondent's policies, rules, and regulations during incidents involving five separate individuals. The arbitrator concluded that each of these incidents "[s]tanding alone or in conjunction with other violations found" constituted just cause for discharge.

Petitioner filed a petition for writ of mandate and contended that he was entitled to judicial review pursuant to both Code of Civil Procedure 1094.5

---

[1]This evidence included a photographic copy of a list which petitioner had shown to and discussed with his coworkers. The list contained the names of over 70 women. When petitioner had sex with one of the women, he crossed her name off the list. One of petitioner's coworkers entered his office without permission and photographed the list. The ensuing investigation revealed that some of the women whose names had been crossed off were minors.

and Government Code section 3309.5. The trial court sustained respondent's demurrer without leave to amend and entered judgment of dismissal.

*Discussion*

## I. *Code of Civil Procedure Section 1094.5*

■ Petitioner contends he is entitled to judicial review under Code of Civil Procedure section 1094.5.

Code of Civil Procedure section 1094.5 authorizes the issuance of a writ of mandate "for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ."

This statute is inapplicable to the instant case. Here petitioner did not elect to pursue his administrative remedies by appealing to the board of supervisors. Instead petitioner elected to proceed to arbitration pursuant to the MOU. Article X(E)(6) of the MOU provides that "the arbitrator's opinion shall be final and binding on both parties." Judicial review of arbitration awards is limited to Code of Civil Procedure section 1286 et seq.[2] (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 12-13 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Here petitioner does not invoke this statutory scheme as a basis for judicial review.

Petitioner contends, however, that the instant case falls within an exception to the binding arbitration clause of the MOU. He relies upon the following language in the MOU: "Except as provided in section 7 below, the arbitrator's opinion shall be final and binding on both parties, and shall be limited to the issue, or issues, involved. . . . [¶] 7. In the event the opinion contains a monetary award which exceed[s] One Thousand Dollars ($1,000.00), the opinion shall be advisory only to the County Board of

---

[2]The grounds for vacation of an arbitration award are set forth in Code of Civil Procedure section 1286.2. This section provides as follows: "Subject to Section 1286.4, the court shall vacate the award if the court determines . . . [¶] (a) The award was procured by corruption, fraud or other undue means. [¶] (b) There was corruption in any of the arbitrators. [¶] (c) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (e) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

Supervisors. The Board of Supervisors may, within fourteen (14) calendar days of receipt of the award, elect to review the award and issue a decision adopting or rejecting or modifying the award. The Board's review under this paragraph shall be pursuant to the procedures set forth under Government Code Section 11517 et seq. If the Board does not elect to review the opinion within the fourteen (14) calendar days, the opinion shall be deemed final and binding on the parties. A final decision under this provision shall be reviewable under Code of Civil Procedure Section 1094.5."

Petitioner argues that paragraph 7 is applicable here because the case involves a monetary award in excess of $1,000. Petitioner's argument has no merit. The opinion did not contain a monetary award. Accordingly, petitioner cannot invoke this paragraph of the MOU to obtain judicial review pursuant to Code of Civil Procedure section 1094.5.

Petitioner next claims that interpreting paragraph 7 to allow judicial review only where the arbitrator awards monetary damages creates a contract of adhesion since it gives a right to the County which is not given to the employee.

Petitioner failed to raise this issue before the arbitrator and thus has waived it. As the court stated in *Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th 1, 30, "[W]e cannot permit a party to sit on his rights, content in the knowledge that should he suffer an adverse decision, he could then raise the illegality issue in a motion to vacate the arbitrator's award. A contrary rule would condone a level of 'procedural gamesmanship' that we have condemned as 'undermining the advantages of arbitration.'" Moreover, even assuming petitioner has not waived this issue, his arguments are severely diminished by the fact that he chose the forum in which to resolve the dispute. Instead of choosing arbitration as set forth in the MOU, he could have chosen an administrative hearing before the board of supervisors followed by judicial review pursuant to Code of Civil Procedure section 1094.5.

Petitioner also contends that if the arbitration award is left undisturbed it presents a conflict with public policy because it does not address the alleged violation of his statutory rights as set forth in Government Code sections 3309 and 3309.5 and thus is reviewable under Code of Civil Procedure section 1094.5.

While a court "'may refuse to enforce an arbitrator's award on public policy grounds . . . .'" (*Paramount Unified School Dist.* v. *Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1381 [32 Cal.Rptr.2d 311]), the instant case is not an appropriate one in which to do so. As we have previously noted, petitioner chose the forum in which to resolve his dispute

with the County. Had he wished to submit resolution of his statutory rights to judicial review, he could have done so. Further, petitioner's reliance upon *Graham Oil* v. *ARCO Products, Co.* (9th Cir. 1994) 43 F.3d 1244 is misplaced. In *Graham Oil*, a franchisee refused to submit to arbitration as set forth in an arbitration clause with the franchiser. The appellate court held the clause was invalid because it specifically forfeited statutorily mandated rights or benefits thus violating the purpose and terms of legislation designed to protect franchisees. In contrast to the instant case, the franchisee's only option was to submit to arbitration.

## II. *Government Code Section 3309.5*

 Petitioner contends his participation in arbitration does not preclude him from seeking a judicial remedy under Government Code section 3309.5.

 Government Code section 3309.5 is one of the provisions of the Public Safety Officers Procedural Bill of Rights Act. (Gov. Code, § 3300 et seq.) " '[T]he act sets forth a list of basic rights and protections which must be afforded all peace officers (see § 3301) by the public entities which employ them. It is a catalogue of the minimum rights (§ 3310) the Legislature deems necessary to secure stable employer-employee relations (§ 3301).' " (*Crupi* v. *City of Los Angeles* (1990) 219 Cal.App.3d 1111, 1116-1117 [268 Cal.Rptr. 875], quoting *Baggett* v. *Gates* (1982) 32 Cal.3d 128, 135 [185 Cal.Rptr. 232, 649 P.2d 874].) Government Code section 3309 prohibits the search of an officer's personal storage space or locker except when he or she is present, or has been notified, or gives his or her consent, or a valid warrant is obtained.

Government Code section 3309.5 provides: "(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to them by this chapter. [¶] (b) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this section. [¶] (c) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer."

The purpose of Government Code section 3309.5 is "to allow an officer to pursue a remedy immediately in the courts for violation of these rights during the investigation and not be required to wait for judicial review after

administrative consideration of those violations." (*Mounger* v. *Gates* (1987) 193 Cal.App.3d 1248, 1256 [239 Cal.Rptr. 18].)

 In our view, petitioner waived his rights under Government Code section 3309.5 by participating in arbitration. While represented by counsel, petitioner specifically requested binding arbitration and never sought judicial review under Government Code section 3309.5 until after the arbitrator ruled in favor of respondent. Thus, the instant case is distinguishable from *Mounger* v. *Gates, supra,* 193 Cal.App.3d 1248, in which the court held that a public safety officer does not waive his or her rights under Government Code section 3309.5 by contemporaneously pursuing an administrative appeal.[3]

Moreover, even assuming there was an illegal search of petitioner's office and respondent relied on the fruits of this search in terminating petitioner's employment, petitioner has suffered no prejudice. The arbitrator concluded that "[s]tanding alone or in conjunction with other violations found, [petitioner's] violations regarding Dawn [R.] constitutes just cause discharge. . . . Standing alone or in conjunction with other violations found, [petitioner's] violations regarding Cheryl [Z.] constitutes just cause for discharge." The evidence relating to petitioner's conduct with Ms. R. and Ms. Z. was obtained from sources independent of any alleged illegal search. Accordingly, the trial court did not err in sustaining a demurrer without leave to amend to the petition for writ of mandate.

*Disposition*

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 1995.

---

[3]Petitioner also relies upon another case, *Prudential Ins. Co. of America* v. *Lai* (9th Cir. 1994) 42 F.3d 1299, which is distinguishable from the instant case. In *Prudential,* employees were required to sign agreements when they were hired. These agreements provided that disputes "arising in connection with the business" would be arbitrated. The appellate court held that the employees did not waive their statutory sexual harassment and discrimination claims by signing the arbitration agreements. Here petitioner chose arbitration rather than administrative remedies or immediate judicial review of his statutory rights. Moreover, he could have pursued these rights either before or during the arbitration proceedings.