[No. B114773. Second Dist., Div. Six. Mar. 31, 1999.]

A.M. CLASSIC CONSTRUCTION, INC., Plaintiff and Respondent, v. TRI-BUILD DEVELOPMENT COMPANY et al., Defendants and Appellants.

**COUNSEL**

Nicholas Heiman for Defendants and Appellants.

Benson J. Goldstein for Plaintiff and Respondent.

**OPINION**

**BURKE, J.**\*—Appellants Tri-Build Development Company (Tri-Build) and Santa Monica-Malibu Unified School District (Santa Monica) appeal from a judgment confirming an amended arbitration award in favor of respondent A.M. Classic Construction, Inc. (A.M. Classic). Appellants contend that the arbitrator exceeded his powers by amending the award to determine an issue he inadvertently neglected to decide. They contend the trial court was required to vacate the amended award and order the entire dispute reheard by a new arbitrator. We conclude arbitrators have the authority to amend an award to determine an inadvertently omitted question that must be decided in order to resolve the entire dispute. We affirm the trial court's judgment confirming the amended award.

### FACTS AND PROCEDURAL BACKGROUND

A.M. Classic, a subcontractor, performed asphalt work and other improvements for Tri-Build at an elementary school in Santa Monica. A dispute arose about the work. A.M. Classic stopped work and served a stop payment notice upon Santa Monica. A.M. Classic then sued Tri-Build and Santa Monica for damages.

The parties stipulated that the entire dispute would be resolved by binding arbitration. They briefed the questions presented and introduced oral and documentary evidence on all issues. The parties each submitted proposed forms of judgment that addressed all the questions submitted to the arbitrator. The arbitrator issued his decision awarding A.M. Classic $42,051 in damages against Tri-Build for breach of contract, but the award did not resolve the claim against Santa Monica based upon the stop payment notice. The arbitrator did not, therefore, determine all the questions submitted.

After receiving the award, counsel for A.M. Classic wrote a letter to the arbitrator requesting that he amend the award to include a judgment against

---

\*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Santa Monica based upon the stop payment notice. Counsel for A.M. Classic did not send a copy of this letter to the attorney representing both Tri-Build and Santa Monica. The letter stated: "There is one slight omission in the award . . . which will become extremely important in our efforts to collect on the judgment. A.M. Classic sought to have any judgment awarded to the Plaintiff against [Tri-Build] to be paid by [Santa Monica] . . . [through] the Stop Notice cause of action. It may be the only way that A.M. Classic can receive the award. I believe we presented a prima [facie] case on said cause of action called 'Complaint on Stop Notice-Public Works.' [¶] Both parties submitted Proposed Judgments, which included the Stop Notice cause of action. A copy of our Proposed Judgment is attached hereto for your convenience. Would you kindly amend your Award Notice to include a judgment against [Santa Monica] for the $42,051.00 amount." (Italics omitted.)

Four days later, counsel for A.M. Classic telephoned the administrator for the arbitrator. The arbitrator confirmed that he had received the letter and said he would make a decision in the next few days. These calls were also ex parte.

The arbitrator thereafter issued an amended award which included a finding favorable to A.M. Classic on the cause of action against Santa Monica. The amended portion of the award provided: "Plaintiff's stop notice directed to [Santa Monica] is found valid for purposes of this action." Upon receipt of the amended award, counsel for Tri-Build and Santa Monica attempted unsuccessfully to contact the arbitrator and then learned of the ex parte communications from counsel for A.M. Classic.

A.M. Classic subsequently petitioned the trial court to confirm the amended arbitration award. Tri-Build and Santa Monica opposed the petition, moved to vacate the amended award, and requested that the trial court order that the entire dispute be reheard by a new arbitrator. In a declaration submitted to the trial court, the arbitrator confirmed that the parties had submitted proposed judgments at the conclusion of the arbitration that resolved the causes of action based upon the contract and the stop payment notice. The arbitrator further confirmed that counsel for A.M. Classic notified him that the award omitted a finding on the latter cause of action, and that he advised counsel for A.M. Classic that he had all the information necessary from the documents received at the arbitration and his notes to render a decision on this cause of action. The arbitrator stated that his failure to address the stop notice claim was inadvertent.

The trial court granted A.M. Classic's petition to confirm the amended award. The trial court declined to vacate the amended award, reasoning that:

(1) the arbitration award as amended encompassed all issues and was dispositive of the case; (2) the ex parte communications which occurred did not compromise the interest of either side; and (3) the exclusion in the arbitrator's original award of the stop notice claim was properly dealt with by way of the amended award. Judgment was entered in favor of A.M. Classic for $42,051 and against both Tri-Build and Santa Monica.

## DISCUSSION

Appellants contend that the trial court erred in refusing to vacate the amended arbitration award because the arbitrator: (1) exceeded his power under Code of Civil Procedure section 1284 by amending the award;[1] (2) violated procedural requirements for amending or correcting the award under section 1284; (3) issued an amended award based upon information obtained outside the arbitration in violation of section 1282.2, subdivision (g); and (4) engaged in misconduct with A.M. Classic's counsel in violation of sections 1286.2, subdivision (c), and 1286.6. We disagree.

### California's Arbitration Act

■ California has a well-established policy favoring arbitration as a speedy and inexpensive means of settling disputes. The state's first arbitration statute was enacted in 1851 and became part of the Code of Civil Procedure in 1872. The present contractual arbitration law (§ 1280 et seq.) was enacted in 1961. The law functions as a comprehensive scheme regulating contractual arbitration. "The purpose of this law is to promote contractual arbitration, in accordance with a 'strong public policy' in favor thereof (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251]), as a more expeditious and less expensive means of resolving disputes than litigation." (*Mercury Ins. Group* v. *Superior Court* (1998) 19 Cal.4th 332, 342 [79 Cal.Rptr.2d 308, 965 P.2d 1178].)

■ To support this policy and encourage parties to settle their disputes through arbitration, it is essential that arbitration judgments be both binding and final. Thus, as a general rule, courts will indulge every reasonable intendment to give effect to arbitration proceedings. (*Marsch* v. *Williams* (1994) 23 Cal.App.4th 238, 243 [28 Cal.Rptr.2d 402]; *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899] (hereafter *Moncharsh*).) To ensure that an arbitrator's decision is the end of the dispute,

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise stated.

arbitration awards are subject to very narrow judicial review. (*Moncharsh, supra,* at p. 9.)

Arbitrators must produce an award that includes "a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) The consequence of an omission to decide all the questions is not addressed by section 1283.4 or the other provisions of the act. Nothing in the statutory scheme either authorizes or prohibits the amendment of an award.

### *Vacating an Arbitration Award*

■ Section 1286.2 sets forth the exclusive grounds for vacating an arbitration award. Except on these grounds, arbitration awards are immune from judicial review in proceedings to confirm or challenge the award. (*Moncharsh, supra,* 3 Cal.4th at pp. 12-13, 33; *Zazueta* v. *County of San Benito* (1995) 38 Cal.App.4th 106, 110 [44 Cal.Rptr.2d 678].)

Section 1286.2 provides that an award may be vacated only if: "(a) The award was procured by corruption, fraud or other undue means. [¶] (b) There was corruption in any of the arbitrators. [¶] (c) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision . . . . [¶] (e) The rights of the party were substantially prejudiced by . . . other conduct of the arbitrators contrary to the provisions of this title."

The record here does not establish that the amended arbitration award was procured by corruption, undue means, or misconduct of the arbitrator. In a sworn declaration, the arbitrator explained that he inadvertently had not resolved one cause of action and that, when contacted by A.M. Classic's counsel, he informed counsel that he had all the information from the documents admitted during the arbitration and his notes to issue a decision on the omitted claim. Thus, the record does not reveal that the arbitrator considered information outside the arbitration proceeding in ruling upon the claim. Nor does the record reveal any improper intent or attempt to influence the arbitrator on the part of opposing counsel. A.M. Classic's counsel explained, in a declaration submitted under penalty of perjury, that he had no intent to reargue the matters presented at the arbitration or bias the arbitrator, but intended only to remind the arbitrator that both sides had desired a ruling on the claim and had included it in proposed judgments previously submitted to him.

We agree the arbitrator should have advised appellants' counsel of the ex parte communication and that he would be issuing an amended arbitration award resolving the stop notice claim. In the absence of a showing that the arbitrator was improperly influenced or actually considered evidence outside the original arbitration proceedings such that appellants needed a further opportunity to be heard on the stop notice claim, appellants cannot demonstrate that the amended award was procured by corruption, fraud, undue means, or misconduct of the arbitrator within the meaning of section 1286.2, subdivisions (a), (b) or (c).

The remaining issue is whether issuance of the amended award in response to an ex parte communication is an action in excess of the arbitrator's powers or constitutes "other conduct . . . contrary to the provisions of [the California Arbitration Act]" within the meaning of subdivisions (d) and (e) of section 1286.2. We conclude that it is not.

### Correcting an Arbitration Award

Section 1284 authorizes an arbitrator, upon written application of a party to the arbitration, to *correct* the award upon either of the grounds set forth in section 1286.6, subdivisions (a) and (c). Subdivisions (a) and (c) authorize correction of an arbitration award where there is a miscalculation of amounts, a mistake in the description of a person or property referred to in the award, or where there is a defect *in the form* of the award that does not affect the merits of the controversy. Any application to correct an arbitration award under this section requires notice to the opposing party.

The amendment of the arbitration award in this case does not fall within these subdivisions. The arbitrator was not "correcting" a miscalculation or description contained in the prior award or correcting a defect in its "form." Rather, he was resolving the remainder of the dispute submitted to him.

The absence of a statutory provision authorizing amendment of an award does not deprive the arbitrator of jurisdiction to do so. The parties concede that the arbitrator had authority to decide the entire dispute, including the cause of action against Santa Monica. The stop notice claim was raised in the pleadings, briefed by the parties, and included in proposed judgments submitted by both sides to the arbitrator. The amendment was made promptly. It is not inconsistent with other provisions of the original award and it does not substantially prejudice the legitimate interests of any party. In our view, the arbitrator was simply finishing his assignment by making a complete and full award on the matters submitted to him for resolution.

We reject appellants' contention that issuance of the amended award was contrary to the provisions of the California Arbitration Act and prejudicial to appellants. As noted above, there are no statutory provisions precluding issuance of an *amended* award. There is no evidence in the record that the arbitrator based his amended award upon information not obtained at the hearing in violation of section 1282.2, subdivision (g).[2] Further, appellants do not contend that had they been given notice of A.M. Classic's request for an amended decision, the arbitrator would have reached a different result as to the stop notice claim. (Cf. *Canadian Indem. Co. v. Ohm* (1969) 271 Cal.App.2d 703 [76 Cal.Rptr. 902] [before arbitration award may be vacated as violative of section 1282.2, complaining party has burden of demonstrating that its rights were prejudiced].)

*Banks v. Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34 [55 Cal.Rptr. 139, 36 A.L.R.3d 933], the only authority cited by appellants, predates the Supreme Court's decision in *Moncharsh, supra,* 3 Cal.4th 1, and is not persuasive. In *Banks,* an arbitrator issued a decision awarding *special* damages in favor of the plaintiff in an insurance coverage dispute. Pursuant to the plaintiff's application for correction of the award, the arbitrator issued an amended award allowing an additional $1,000 for *general* damages. The amendment to the original award was rejected by the American Arbitration Association because it was untimely. Consequently, the plaintiff sought to vacate the award in the trial court. The trial court denied the plaintiff's motion and confirmed the original award. The Court of Appeal reversed, reasoning that the arbitrator had violated section 1283.4 by failing to rule on all issues submitted to him, the amendment to the original award was untimely, and that the matter had to be rearbitrated. In dicta, the Court of Appeal also concluded that the arbitrator lacked power to correct the award under section 1284 because there was no miscalculation of figures involved or a defect in form as required by section 1286.6. "The correction requested here was no mere recalculation, but a revision in substance, adding an element of damages not covered . . . in the award as rendered." (247 Cal.App.2d at p. 37.)

Since the decision in *Banks,* the California Supreme Court has reiterated the strong public policy favoring finality of arbitration awards to fulfill the expectations of parties that the arbitration award will be the end of the dispute. The Legislature has reserved judicial review of arbitration awards

---

[2]Section 1282.2, subdivision (g), provides that "[i]f a neutral arbitrator intends to base an award upon information not obtained at the hearing, he shall disclose the information to all parties to the arbitration and give the parties an opportunity to meet it."

under sections 1286.2 and 1286.6 only for those "circumstances involving serious problems with the award itself, or with the fairness of the arbitration process." (*Moncharsh, supra,* 3 Cal.4th at p. 12.) Here, counsel's ex parte letter and telephone call were not prejudicial, and appellants have not demonstrated that the ex parte communications rendered the arbitration process unfair or unjust. Vacating the entire arbitration award and requiring a second arbitration before a different arbitrator would undermine the policies expressed in *Moncharsh* and the California Arbitration Act. It would result in a windfall to appellants who would obtain a "second bite at the whole apple" due to an ex parte communication that conveyed no evidentiary information not presented at the arbitration. (See, e.g., *Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838, 841-842 [170 Cal.Rptr. 349].)

It has been suggested that an ancient rule requires the award to be vacated under the circumstances we face here. (*Elliott & Ten Eyck Partnership* v. *City of Long Beach* (1997) 57 Cal.App.4th 495, 501 [67 Cal.Rptr.2d 140], citing *Porter* v. *Scott* (1857) 7 Cal. 312, 316.) The cases holding that an incomplete award is a nullity and must be vacated were generally decided before California's Arbitration Act was enacted. They predate public policy expressions of the Supreme Court and numerous appellate courts favoring arbitration and instructing us to "indulge every reasonable intendment to give effect to arbitration proceedings." (*Marsch* v. *Williams, supra,* 23 Cal.App.4th at p. 243; *Moncharsh, supra,* 3 Cal.4th at p. 9.) Moreover, it would be irrational to discard all the time and money spent by the parties where an arbitration award is inadvertently incomplete in one respect and where the oversight can be corrected without substantial prejudice to the legitimate interests of a party. To deny arbitrators the authority to complete their task under such circumstances elevates form over substance.

We conclude California's contractual arbitration law permits arbitrators to issue an amended award to resolve an issue omitted from the original award through the mistake, inadvertence, or excusable neglect of the arbitrator if the amendment is made before judicial confirmation of the original award, is not inconsistent with other findings on the merits of the controversy, and does not cause demonstrable prejudice to the legitimate interests of any party.

This opinion should not be read to condone the actions of A.M. Classic's counsel in communicating ex parte with the arbitrator. Counsel's ex parte communications were inappropriate, and under different, more egregious circumstances, might require vacation of an arbitration award.

The judgment is affirmed. Costs are awarded to respondent.

Yegan, Acting P. J., and Coffee, J., concurred.