[No. G027697. Fourth Dist., Div. Three. Mar. 15, 2002.]

TRABUCO HIGHLANDS COMMUNITY ASSOCIATION, Plaintiff and Respondent, v.
NANCY HEAD et al., Defendants and Appellants.

COUNSEL

Law Offices of Alexandria C. Phillips and Alexandria C. Phillips for Defendants and Appellants.

Law Offices of Richard A. Tinnelly and Terri A. Reilly for Plaintiff and Respondent.

OPINION

O'LEARY, J.—Nancy Head and Michael D. Head appeal the judgment confirming an arbitration award in favor of Trabuco Highlands Community Association (the Association), an order denying the Heads' motion to vacate the award, and an order denying the Heads relief under Code of Civil Procedure section 473.[1] They contend: (1) the trial court erroneously found the arbitration was binding; (2) the court improperly found the Heads did not timely file a request for a trial de novo; (3) attorney fees were wrongly awarded to the Association; and (4) and the trial court abused its discretion by denying the Heads' motion for reconsideration under section 473. We find the trial court inadequately addressed whether the arbitration was binding and reverse.[2]

The Heads own property in Trabuco Canyon that is subject to conditions, covenants, and restrictions (CC&R's) and is governed by the Association. The Heads and the Association agreed in correspondence to submit to nonbinding arbitration of a dispute over various alleged violations of the CC&R's[3] and delinquent assessment fees and noncompliance penalties the Association imposed on the Heads.[4]

After the arbitration hearing, the arbitrator, Retired Judge Luis Cardenas, issued a "Binding Arbitration Award and Decision" in the Association's favor. In essence, the award compelled the Heads to comply with the CC&R's by remedying their violations and to pay all assessments owed and the Association's attorney fees and costs.[5] About three months later, at the Association's behest, the arbitrator issued a supplemental decision, which added the amount of the attorney fees and costs to the award.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Because we find the first two arguments have merit, we need not consider the third and fourth.

[3] For example, the Association alleged the Heads failed to maintain their lawn and paint the house, and kept a trailer and trash cans in the front of the house.

[4] The Association's request for us to take judicial notice of its arbitration brief is granted.

[5] Oddly enough, the award did not suggest what the amount of the assessments owed might be.

About two months later, Nancy attended an Association meeting and asserted the arbitrator had mistakenly characterized the arbitration as binding. The Association took the position it had been binding. The next month, the Association filed a petition to confirm the arbitration award.

Nancy called the arbitrator's office in an attempt to confirm the arbitration had been nonbinding, and the arbitrator asked for input from the parties. The Association submitted a letter with a declaration from the Association property manager, Dori Kagan, asserting the parties had agreed at the outset of the arbitration hearing that the arbitration would be binding. The Heads did not respond. The arbitrator issued a letter indicating his notes conformed with the Association's position and that "[b]oth Dori Kagan (on behalf of the Association) and Mrs. Head agreed . . . to seek a final resolution of this dispute." He "rul[ed] that the proceeding was a binding arbitration."

The Heads' response to the petition to confirm the arbitration award requested the court to vacate the award on the grounds of fraud and that the arbitrator exceeded his powers by purporting to render a binding award. In support of the motion, Nancy declared that although she "expressed [her] desire to put [the] whole ugly dispute behind [them] and that [she] would be so relieved when the dispute was finally resolved," she never agreed to make the arbitration binding. Indeed, she asserted that when she asked why the Association was listed as the plaintiff, the arbitrator said she should not worry because the hearing was nonbinding. Michael Head's recollection was in accord.

In support of the award, the Association's attorney submitted a supplemental declaration to which the arbitrator's letter was attached. He later filed another declaration averring he was present at the arbitration hearing and the Heads agreed to make the arbitration binding. He agreed they said they were happy the matter would be finally resolved but asserted they made the statement after they agreed to binding arbitration. He also said the Heads expressed a concern about why the Association had been listed as the petitioner, but he contended the arbitrator told them it did not matter because they could present their entire case. The attorney also averred the Heads did not leave halfway through the arbitration as they claimed but did so only after the arbitrator had announced his ruling.

At the hearing on the petition, the court declined to hear any testimony, although both sides indicated they were willing to offer it. The court responded, "It's done by declaration. [The Association has] a declaration by the arbitrator who indicates we have . . . binding arbitration." The Heads' attorney pointed out it was not a declaration but rather a letter. The court

responded, "I'm accepting it for what it says to the court, and for you, that he's the arbitrator, and it is binding . . . . [¶] Your client sat on it. Did nothing. Let the time go by. If it were not binding, and she didn't like the award, she still had her remedies. Didn't do anything." The court confirmed the award.[6]

The Heads filed motions for reconsideration to set aside the judgment on the grounds of mistake, inadvertence, and excusable neglect.[7] The court denied the motions after a hearing.

I

■ The Heads contend the trial court erroneously found the arbitration was binding. In a related claim, they argue the court improperly found they did not timely file a request for a trial de novo. We conclude that although the trial court might properly have found the arbitration was binding, it reached its result by an impermissible means and the case must be reversed and remanded to properly determine whether the Heads agreed to binding arbitration.

■ "California has a well-established policy favoring arbitration as a speedy and inexpensive means of settling disputes. . . . The present contractual arbitration law . . . functions as a comprehensive scheme regulating contractual arbitration. 'The purpose of this law is to promote contractual arbitration, in accordance with a "strong public policy" in favor thereof [citation] as a more expeditious and less expensive means of resolving disputes than litigation.' [Citation.] [¶] To support this policy and encourage parties to settle their disputes through arbitration, it is essential that arbitration judgments be both binding and final. Thus, as a general rule, courts will indulge every reasonable intendment to give effect to arbitration proceedings. [Citations.] To ensure that an arbitrator's decision is the end of the dispute, arbitration awards are subject to very narrow judicial review." (*A.M. Classic Construction, Inc. v. Tri-Build Development Co.* (1999) 70 Cal.App.4th 1470, 1474-1475 [83 Cal.Rptr.2d 449].)

Section 1286.2 lists the exclusive grounds for vacating an arbitration award, which include in relevant part: "(1) The award was procured by

---

[6]The court's judgment confirmed both the original award and the supplemental award of attorney fees. For convenience's sake and because it makes no difference in our analysis, we refer to it as one award.

[7]The Heads filed four motions. They treated the original award and the attorney fees award separately. As to each, they filed a motion for reconsideration. They also filed a motion to set aside the judgment as to the original award based on their own mistake, inadvertence, and excusable neglect and a motion based on their attorney's mistake, inadvertence, and excusable neglect as to the supplemental award.

corruption, fraud or other undue means. [¶] (2) There was corruption in any of the arbitrators. [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. . . ." Beyond this, "arbitration awards are immune from judicial review in proceedings to confirm or challenge the award." (*A.M. Classic Construction, Inc. v. Tri-Build Development Co., supra,* 70 Cal.App.4th at p. 1475.)[8]

In *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 8-12 [10 Cal.Rptr.2d 183, 832 P.2d 899], our Supreme Court examined this statutory limitation and the policies in favor of arbitration finality and concluded that except for narrow exceptions, an arbitrator's decision may not be reviewed for factual or legal errors. Nevertheless, the courts do not abandon all scrutiny of awards. When the issue goes to the integrity of the arbitration process itself, appellate courts have mandated de novo review of an arbitrator's ruling.

For example, in *Britz, Inc. v. Alfa-Laval Food & Dairy Co.* (1995) 34 Cal.App.4th 1085, 1102 [40 Cal.Rptr.2d 700], the court held that "a trial court considering a petition to confirm or vacate an arbitration award is required to determine, de novo, whether the circumstances disclose a reasonable impression of arbitrator bias, when that issue is properly raised by a party to the arbitration." The court found it necessary "to remand [the] matter to the trial court for 'an evidentiary hearing [at which] the full extent and nature of the relationships at issue may be ascertained.' [Citation.]" (*Ibid.*) Likewise, in circumstances similar to those we consider, the court in *Haumeder v. Lipsett* (1949) 90 Cal.App.2d 167, 172 [202 P.2d 819], held "evidence" was required to explain whether the parties had agreed that the arbitrator's report would be binding.

■ With these principles in mind, we consider how the trial court determined the arbitration was binding. "In this regard, the applicable standards of appellate review of a judgment based on affidavits or declarations are the same as for a judgment following oral testimony: We must accept the trial court's resolution of disputed facts when supported by substantial evidence; we must presume the court found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses and the weight of the evidence. [Citation.]" (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 923 [20 Cal.Rptr.2d 834].) This standard comports with the policies behind arbitration and the

---

[8]As noted above, the Heads challenged the award both on the grounds of fraud and that the arbitrator exceeded his powers. The arbitrator certainly exceeded his powers if he deemed a nonbinding arbitration to be binding. Whether it occurred as a result of fraud is irrelevant.

legislative mandate that hearings on petitions to confirm arbitration awards should be "heard in a summary way." (§ 1290.2.)

If the trial court had simply decided whether the arbitration was binding based on the declarations of the parties concerning what was said at the arbitration hearing, we might simply affirm the ruling by concluding it was a matter of credibility for the trial court to decide. But the trial court apparently did not base the ruling on that.

In granting the petition to confirm, the trial court expressly noted it was relying on a letter by the arbitrator that said the arbitration was binding. By doing so, the trial court abdicated its function to determine whether the arbitrator exceeded his powers in a most fundamental way: by issuing a binding award after the parties agreed only to nonbinding arbitration.

Independent judicial review of whether an arbitration is binding is necessary to preserve the integrity of the arbitration process and the judicial system. The notion that a party should be bound by an arbitration award and precluded from substantive judicial review is premised on the assumption that the parties have *agreed* to such finality. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 9-11.)

The binding nature of the arbitration sought to be confirmed is a structural aspect of the arbitration. With regard to such aspects, the Supreme Court observed in *Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at page 12, "A . . . reason . . . we tolerate the risk of an erroneous decision [of fact or law by the arbitrator] is because the Legislature has reduced the risk to the parties of such a decision by providing for judicial review in circumstances involving serious problems with the award itself, or with the fairness of the arbitration process."

This protection has caused courts to review carefully whether parties intended to submit to binding arbitration. (See, e.g., *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 402 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109]; *Caro v. Smith* (1997) 59 Cal.App.4th 725, 731-734 [69 Cal.Rptr.2d 306]; *Sanker v. Brown* (1985) 167 Cal.App.3d 1144, 1146-1147 [213 Cal.Rptr. 768]; *Haumeder v. Lipsett, supra,* 90 Cal.App.2d at p. 172.) These cases, however, have involved fairly clear-cut facts showing the parties' intent. None of those cases involve facts like those here.

We begin with the general rule that "parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final." (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 9.) Any such presumption was rebutted here, however, by the parties' express written agreement,

through two letters, that the arbitration would not be binding. The question is whether the Heads changed their position at the arbitration hearing.

Because that is the crucial question, it deserved a careful factual inquiry at the hearing on the motion to confirm the arbitration award. It appears the trial court did not do so; rather, it relied on the arbitrator's characterization in his letter. That was wrong.

At the hearing, the Heads suggested the problem was that the letter was hearsay, but it was more fundamental. Arbitrator testimony concerning the arbitration is expressly prohibited except in circumstances not relevant here. (Evid. Code, § 703.5.)[9] It follows that arbitrator hearsay on the same topic is prohibited.

Moreover, as with the issue of arbitrator bias, it is inappropriate to rely after the fact on the arbitrator's characterization of the arbitration as binding. (See *Britz, Inc. v. Alfa-Laval Food & Dairy Co., supra,* 34 Cal.App.4th at p. 1102 [dealing with the bias issue].) Because the trial court appears to have relied on the arbitrator's statement, we must reverse and remand the case for a proper consideration of whether the parties agreed to binding arbitration.

## II

■ Another ground for reversal exists. The Association suggested below that the Heads had waived the binding arbitration issue by failing to request a trial de novo. In confirming the award, the trial court said, "Your client sat on it. Did nothing. Let the time go by. If it were not binding, and she didn't like the award, she still had her remedies. Didn't do anything." In its statement of decision the court found, "Neither party made a request for a *trial de novo,* a motion to correct the arbitration award, or any other objection to the Binding Arbitration Award within thirty (30) days of the award." One might at least infer the trial court found the Heads waived the right to contest whether the arbitration was binding.

The only possible alternate remedies to correct arbitrator error the parties or the court mentioned below were under sections 1141.20, 1283.8 and 1284, which were first cited by the Heads. Section 1141.20, which gives the parties the right to request a trial de novo within 30 days after an arbitration award,

---

[9]That section states in relevant part: "No . . . arbitrator . . . shall be competent to testify, in any subsequent civil proceeding, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with the prior proceeding, except as to a statement or conduct that could (a) give rise to civil or criminal contempt, (b) constitute a crime, (c) be the subject of investigation by the State Bar or Commission on Judicial Performance, or (d) give rise to disqualification proceedings . . . ." (Evid. Code, § 703.5.)

deals with judicial arbitration and is inapplicable to private arbitrations like this one. (*Brennan v. Tremco Inc.* (2001) 25 Cal.4th 310, 315-316 [105 Cal.Rptr.2d 790, 20 P.3d 1086].) Section 1283.8 is likewise inapt because it deals with objections to an untimely award.

Section 1284 deals with private arbitrations and allows the parties, within 10 days after the award, to ask an arbitrator to correct the award. But an arbitrator may only correct the award for limited reasons (see *Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 502 [67 Cal.Rptr.2d 140]), and acting in excess of the arbitrator's power is not one of them. (§§ 1284, 1286.6, subds. (a) & (c).)

Parties must raise certain issues at the arbitration hearing to preserve them for later review. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 30.) But one cannot raise an issue about which one is not and cannot be aware. The Heads could not be expected to raise with the arbitrator the arbitrator's after-the-fact characterization of the arbitration as binding.

After the ruling, the Heads raised the issue, albeit some five months later, before the Association and then with the arbitrator. When the Association sought to confirm the award, the Heads raised the issue in their request that the court vacate the award, and the parties and the court considered that issue on the merits. That was sufficient under the circumstances to preserve this binding arbitration issue.[10]

As a result of the legal errors in the trial court's ruling, the petitions to confirm the arbitration award and the request to vacate it must be considered anew. The court must not consider statements by the arbitrator, nor may it

---

[10]At oral argument, the Association argued for the first time that the Heads were barred from raising the issue concerning the binding nature of the arbitration because they had not raised it within 100 days of the award. (See §§ 1288, 1288.2.) We decline to consider that argument. In its brief, the Association only mentioned those sections in conjunction with the Heads' motions to reconsider and set aside the judgment confirming the award. It did not rely on them as grounds for affirming the award itself. (See *Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226 [86 Cal.Rptr.2d 209] [court need not consider issue raised at oral argument if inadequately raised in briefs].)

Even assuming that was sufficient to raise the issue on appeal, we would reject it. The Association never raised the sections before the trial court. The only sections mentioned were sections 1141.20, 1283.8 and 1284, and the Heads raised those. The failure to raise the limitations period under sections 1288 and 1288.2 in the trial court forfeits the issue on appeal. (*Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1232 [282 Cal.Rptr. 43] [may not raise limitations period for the first time on appeal].)

find the Heads waived the binding arbitration issue. It may, however, consider evidence offered by the parties on the issue.[11]

Before the last hearing on the issue, the parties offered to produce testimony. The trial court refused to allow it. Given the summary nature of the confirmation procedure (§ 1290.2), we hesitate to hold the court must hear testimony. We suggest, however, that given the written agreement for nonbinding arbitration, the parties' disagreement about whether that changed orally, and the stakes involved when one submits to binding arbitration, it would be the better practice here to hear testimony. (See *Sanker v. Brown, supra,* 167 Cal.App.3d at pp. 1146-1147 [noting disputes about the binding nature of an arbitration can be obviated by obtaining the parties' written agreement].) If the court does so, it obviates the possibility the claim of a right to testimony would be raised in a later appeal.[12]

The judgment is reversed and remanded for further proceedings consistent with this opinion. The Heads are entitled to their costs and fees on appeal.

Sills, P. J., and Moore, J., concurred.

---

[11]Although the court may not find waiver, it may consider the Heads' five-month delay in raising the binding arbitration issue before the Association's board as it bears on whether they thought the arbitration was binding when it was heard.

[12]We appreciate the trial court probably refused to hear testimony because it was attempting to be faithful to the concept of summary proceedings and to expedite a heavy caseload. Given the history of this case, however, it would be better at this point to invest some extra time to ensure later finality.