[No. B133901. Second Dist., Div. Three. Jan. 30, 2001.]

CENTURY CITY MEDICAL PLAZA, Plaintiff and Appellant, v.
SPERLING, ISAACS & EISENBERG et al., Defendants and Respondents.

866

**COUNSEL**

Raiskin & Revitz and Steven J. Revitz for Plaintiff and Appellant.

Dean P. Sperling; Benedon & Serlin, Douglas G. Benedon and Gerald M. Serlin for Defendants and Respondents.

**OPINION**

**CROSKEY, J.**—The Supreme Court recently had occasion to consider, in two companion cases, the circumstances under which a court could or could not "correct" an arbitration award. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771 [94 Cal.Rptr.2d 597, 996 P.2d 699] (*Moshonov*); *Moore v. First Bank of San Luis Obisbo* (2000) 22 Cal.4th 782 [94 Cal.Rptr.2d 603, 996 P.2d 706] (*Moore*).) An issue not presented in those cases is the one raised in this appeal. We are asked to determine whether an arbitrator may properly modify or amend an award, after it has been issued but before it has been confirmed by the court, on the ground that, due to an inadvertent omission, the arbitrator failed to rule on the expressly submitted issues of the appellant's claimed right to be awarded interest, costs and attorney fees as the successful party in the arbitration.

The plaintiff and appellant, Century City Medical Plaza (Landlord), sued the defendants and respondents,[1] for breach of an office lease. By stipulation of the parties, the matter was resolved by binding, contractual arbitration. (Code Civ. Proc., § 1280 et seq.)[2] The stipulation specifically provided that, if applicable, interest, attorney fees and costs *"may"* be awarded pursuant to statute or the parties' contractual rights.[3] The arbitrator's original award resolved only the issue of Tenants' liability for damages. Then, in a subsequent award, denominated by the arbitrator as "Final Award of Arbitrator" (hereafter the Final Award),[4] the arbitrator determined the amount of, and awarded sums for, interest and attorney fees and costs to which Landlord was also entitled.

Tenants insisted that the arbitrator could not validly award additional sums after issuing the original award, and the trial court agreed. On appeal, Landlord contends that the arbitrator's subsequent award of interest, fees and costs was proper, and that the trial court erred by denying Landlord confirmation of the Final Award.

Here, the trial court vacated the Final Award pursuant to Code of Civil Procedure section 1286.2, subdivision (d),[5] on the ground that the arbitrator had exceeded his power by issuing the Final Award after he previously had issued an earlier, binding award. In other words, the trial court took the position that an arbitrator handling a contractual arbitration has no power to amend, modify or supplement an award once it has been published to the parties. However, for the reasons explained below, we conclude that an arbitrator does have the authority to modify or amend an award to supply a

---

[1]The defendants and respondents are Sperling, Isaacs & Eisenberg, a general partnership; three professional corporations: Sydney C. Sperling, M.D.; Myron M. Isaacs, M.D.; and Kalman S. Eisenberg, M.D.; and the three individuals involved in the partnership and professional corporations: Sydney C. Sperling, M.D.; Myron M. Isaacs, M.D.; and Kalman S. Eisenberg, M.D. (hereafter collectively Tenants).

[2]As we discuss below, the stipulation also provided that the arbitration would be conducted pursuant to the rules of the American Arbitration Association (AAA). The parties seem to agree that the applicable rules are the rules which were effective as of January 1, 1999.

[3]With respect to the award of attorney's fees, the stipulation provided: "Costs, interest and attorney[s's] fees, if applicable, incurred in connection with this action *may* be awarded pursuant to any applicable statutory or contractual rights otherwise available under law and as ordered by the arbitrator, except that the fees of the arbitrator shall be borne equally by each of the parties." (Italics added.)

[4]The Final Award is sometimes referred to by the parties as the "April 12 [or 13] 1999 arbitration award."

[5]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. Section 1286.2, provides in relevant part:

"the court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

ruling on submitted issues where such ruling was *inadvertently omitted* from the original award, *and* provided the modification or amendment (1) is requested and done in a timely manner prior to the confirmation of the original award, (2) does not alter the merits of the result set out in the original award and (3) occasions no prejudice to the *legitimate* interests of any party. We therefore will reverse the trial court's order and resulting judgment and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND[6]

Landlord and Tenants were parties to a lease that provided for attorney fees and costs to the prevailing party in any suit for breach of the lease.[7] Landlord sued Tenants, and, during that action, the parties stipulated to submit their dispute to binding arbitration before Retired Judge Leon Savitch. That stipulation specifically provided that the arbitrator *"may"* award costs, interest and attorney fees. During the arbitration itself, the parties' right to recover attorney fees, if successful, was briefed and argued. Both parties sought attorney fees and neither argued or contended during the arbitration that the *mandatory* award language of the lease agreement did not apply with respect to the prevailing party's right to claim such fees.[8]

Although they did not so provide in the lease, the parties agreed in their stipulation that the arbitration would be conducted pursuant to the rules of AAA (see fn. 2, *ante*).[9] The record does not reflect a copy of those rules and we have, after appropriate notice to the parties, taken judicial notice of the

---

[6]The facts recited are established by the record and are essentially undisputed.

[7]The attorney fee clause in the lease provided: "If Landlord brings suit for the possession of the Premises, for the recovery of any sum due under this lease, or because of the breach of any provision of this lease, or for any other relief against Tenant hereunder, or if Tenant brings any action for any relief against Landlord arising out of this lease, then all costs and expenses, including without limitation reasonable attorneys' fees and costs, incurred by the prevailing party therein *shall* be paid by the other party whether or not the action is prosecuted to judgment. If Landlord is named as a defendant in any suit brought against Tenant in connection with or arising out of Tenant's occupancy hereunder, Tenant shall pay to Landlord its costs and expenses incurred in such suit, including without limitation reasonable attorneys fees and costs." (Italics added.)

[8]There is nothing in the record before us to suggest that the parties intended, by their use of the word "may" in the stipulation, to alter the *mandatory* award provisions of their lease agreement with respect to the *prevailing party's* entitlement to reasonable attorney's fees in the event of litigation over lease rights or obligations. When read in context, it seems obvious that the permissive language in the stipulation related only to the scope of the dispute to be submitted to arbitration. As noted, neither party argued to the contrary in the proceedings before the arbitrator.

[9]The AAA's "Commercial Dispute Resolution Procedures . . . Amended and Effective on January 1, 1999" provide, in the introduction, that "The services of the AAA are generally concluded with the transmittal of the award." In subdivision (b) of rule 45, entitled "Scope of

applicable AAA rules. (Evid. Code, §§ 452, subds. (g) & (h), 455, subd. (a) & 459.)

On January 19, 1999, the arbitrator sent the parties an "Award of Arbitrator."[10] This original award provided, in relevant part, in a final section entitled: "*9. Conclusions*," that "having considered the law and the evidence, the briefs of counsel and based on the findings in Paragraphs 1 through 10[11] the Arbitrator concludes: . . . [¶] . . . 9.3 Since the base rent [provided] for in the Lease as of December 1995 was $7,421.00[,] [Landlord] is entitled to a total award that equals $73,364.12 which is rent of $14,842.00 for nine months[,] which amounts to [$133,578.00] less the $51,792.00 paid by [Sperling, Isaacs & Eisenberg, the general partnership] during that period, less the security deposit of $8,421.88."

On January 20, 1999, immediately after receiving a copy of the original award, Landlord's attorney faxed the arbitrator a letter, sending counsel for Tenants a copy by fax. He noted that no interest was awarded on the principal damages, and requested that the original award be modified to include an award of $39,114.20 in prejudgment interest. He also stated that because the lease contained a provision for attorney fees, he intended to make a motion to recover such fees, stating that "Although the Award does not provide for the recovery of costs, we assume that this was an oversight so we are also requesting that the Award be modified so as to include a provision for the recovery of costs by our client, including attorney's fees."

Tenants' counsel, by letter dated January 21, 1999, raised various points of disagreement with the original award, but, of particular relevance here,

Award," it is provided: "In addition to a *final* award, the arbitrator may make *other* decisions, *including interim, interlocutory, or partial* rulings, orders and *awards*. In any interim, interlocutory, or partial award, the arbitrator *may* assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate." (Italics added.) Subdivision (c) of rule 45 states: "In the *final* award, the arbitrator shall assess the fees, expenses, and compensation [of the AAA and the arbitrator]," and subdivision (d) provides that "[t]he award of the arbitrator(s) *may* include: (a) interest at such rate and from such date as the arbitrator(s) may deem appropriate; and (b) an award of attorneys' fees if all parties have requested such an award or if it is authorized by law or their arbitration agreement." (Italics added.)

The AAA's rules also specifically provide for modification of an issued award. Rule 48, entitled "Modification of Award," provides, in relevant part: "Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. *The arbitrator is not empowered to redetermine the merits of any claim already decided.*" (Italics added.) Finally, the AAA rules also provide that it is up to the arbitrator to interpret and apply the rules. Rule 55 provides, in relevant part: "The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties."

[10]For convenience, we hereafter refer to this award as the "original award."

[11]The original award includes findings in the form of paragraphs 1 through 7, not 1 through 10.

stated: ". . . the issue of attorneys' fees, costs and interest was briefed and argued. The Award does not include attorneys' fees, costs and interest. Contrary to the assertion of opposing counsel, the Award is full and complete in and of itself, and it states therein that you considered all requests and demands of the parties in making that Award. The arbitration is binding and counsel's letter therefore appears to be an improper request for reconsideration. There should be no modification of the Award."

Having raised this objection, Tenants' counsel nevertheless not only proceeded to address the issues of interest, fees and costs on the merits, but to conclude with the pronouncement that, "if any award of fees is to be made, the award should be in favor of [Tenants] as the prevailing party rather than [Landlord]."

Landlord's counsel, by letter dated January 22, 1999, asserted that, as to the attorney fee issue, the parties had always proceeded on the assumption that the prevailing party would be entitled to attorney fees and that a posthearing motion would be made because, until the award was issued, no one would know who would be the prevailing party, and that it was his recollection that the attorneys had discussed this at the conclusion of the presentation of evidence. Counsel concluded by representing that the enclosed copies of relevant bills showed that Landlord was entitled to $36,537.50 in attorney fees, and $943.59 in costs, and that he would, if the arbitrator so desired, make a formal motion for these fees and costs.

On January 25, 1999, Tenants' counsel wrote to the arbitrator pointing out that the stipulation for arbitration had provided that attorney fees, *if applicable,* "*may*" be awarded, and that if there had been a presupposition that fees and costs definitely would be awarded, the stipulation would have been worded differently. (However, see fn. 8, *ante.*) He urged that Landlord was simply trying for an inappropriate reconsideration of a final, binding award. While Tenants' counsel also argued the merits of all the issues, as well as reiterating that Tenants should be awarded attorney fees as the prevailing party, he concluded by saying that he assumed the original award meant exactly what the arbitrator had intended it to mean.[12]

By letter dated January 27, 1999, Landlord's counsel responded that because contractual attorney fees are to be awarded by motion following

---

[12]This contention, however, is arguably inconsistent with Tenants' position *prior* to the issuance of the arbitrator's original award on January 19, 1999. In their arbitration brief, Tenants also claimed a right to recover attorney fees and pointed out in the last paragraph of their brief that "The *amount* of such fees and cost[s] will be submitted to the court *after* the determination of this matter." (Italics added.)

entry of judgment (Civ. Code, § 1717, subd. (b)(1) and Cal. Rules of Court, rule 870.2(b)), Landlord was required to await the award before making a motion for attorney fees.

On February 16, 1999, Tenants' counsel replied that section 1284 and 1286.6, subdivisions (a) and (c) provided the only circumstances under which modification of an arbitration award is proper, and argued that none of such circumstances were applicable here.

On February 16, 1999, Landlord's counsel responded to this last-noted letter. He argued that, as to attorney fees and costs, Landlord was really seeking a separate award rather than a modification of the original award. In addition, he argued that the arbitrator did have the power under section 1286.6 to correct the omission of an item required by statute, citing *Schneider v. Kaiser Foundation Hospitals* (1989) 215 Cal.App.3d 1311, 1317, footnote 3 [264 Cal.Rptr. 227].[13] Finally, he pointed out that any modification of the award had to be made within 30 days after it was rendered, and asked the arbitrator to make his decision within that time frame. This letter was followed by yet another letter, dated February 17, 1999, from Tenants' counsel, disputing Landlord's counsel's most recent arguments.

On February 17, 1999, the arbitrator sent the parties a letter awarding "the prevailing party [Landlord], as provided in . . . of the Stipulation for Arbitration, interest of $39,114.20 and its costs and attorneys fees." The arbitrator directed Landlord to lodge a motion for allowance of attorney fees and costs in the same manner as provided for by Civil Code section 1717, and for Tenants to respond as allowed by the same code section. Landlord lodged a memorandum of costs, and a motion for attorney fees and costs. Tenants lodged an opposition to this motion, and Landlord lodged a reply. On March 9, 1999, Tenants paid Landlord the $73,364.12 that represented the principal amount the arbitrator had awarded.

On April 13, 1999, the arbitrator mailed the parties the Final Award. The Final Award recited that the motion for attorney fees and costs had

---

[13]That footnote provided: "Our resolution of this case reflects our rejection of the Schneiders' contention that the arbitrators lacked authority to correct their original award. When a case of this nature is submitted to arbitration, the arbitrators should comply with the mandate of Business and Professions Code section 6146(b) and place a total value of the award for the purposes of calculating the attorney's contingent fee. In a technical sense their doing so here resulted in an 'amended' award, even though nothing was changed in the award itself. Because the arbitrator's responsibilities included making this determination they were authorized to do so after rendering their initial award." (*Schneider v. Kaiser Foundation Hospitals*, supra, 215 Cal.App.3d at p. 1317, fn. 3.)

been heard on March 30, 1999, and then awarded Landlord the sum of $73,364.12, prejudgment interest of $39,114.22, attorney fees of $27,993.26, and costs of $1,698.49, for a final award of $142,170.09.[14]

On June 3, 1999, Landlord filed a motion in the trial court to enter judgment on the Final Award. Tenants opposed this motion. On June 25, 1999, the trial court granted in part and denied in part Landlord's motion. It granted Tenants' motion to vacate the Final Award (having deemed Tenants' opposition to Landlord's motion to enforce the arbitration award as a motion to vacate), confirmed the original award issued January 19, 1999, and ordered Tenants to pay postjudgment interest at the rate of 10 percent per annum for the period of time between the issuance of the original award on January 19, 1999 and the date Tenants paid that award on March 9, 1999. The trial court made this order because it concluded that the arbitrator did not have the power to amend the original award.[15] Landlord filed timely notice of appeal.

## CONTENTIONS ON APPEAL

Landlord contends the arbitrator had the power to modify or amend the original award so as to include prejudgment interest, attorney fees and costs. It further contends that the trial court erred by rejecting the arbitrator's Final Award, because (1) such rejection was necessarily based on an erroneous legal standard applied by the trial court, and (2) a petition to vacate or correct that Final Award was not timely filed by Tenants. Landlord also contends that, should it prevail on appeal, it is entitled to its attorney fees and costs, because they have been incurred in having the Final Award confirmed.

Tenants dispute each of these contentions and argue that under the specific circumstances of this case the issuance of the Final Award was proper.

We conclude that the trial court applied the wrong legal standard and should not have rejected the Final Award and confirmed the original award

---

[14]This interest amount, of course, had already been awarded by the arbitrator's letter of February 17, 1999. It was the determination of the amount of attorney fees and costs which required the arbitrator to receive additional evidence thus delaying the issuance of the Final Award to April 13, 1999.

[15]The record does not reflect that the trial court made any factual determination with respect to the question of whether the arbitrator's failure to include interest, costs and attorney fees in the original award was due to an inadvertent omission. What the record does reflect, however, is that the legal standard applied by the trial court was that the arbitrator had no power or authority to modify or amend the original award; this legal conclusion precluded any need to make such a factual inquiry. As we discuss below, this was error.

without first conducting an evidentiary hearing to determine, *under the proper legal standard*, that the confirmation of the Final Award was not justified.

## DISCUSSION

### 1. *Standard of Review*

■ The California Supreme Court has definitively held that judicial review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2)[16] or correcting (§ 1286.6)[17] an award. (*Moshonov, supra,* 22 Cal.4th at p. 775; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 8-28 [10 Cal.Rptr.2d 183, 832 P.2d 899] (*Moncharsh*).) It has rejected the view that a court may vacate or correct the award because of the arbitrator's legal or factual error, even an error appearing on the face of the award. (*Moshonov, supra,* 22 Cal.4th at p. 775; *Moncharsh, supra,* 3 Cal.4th at pp. 8-28.) "[A]rbitrators do not 'exceed[] their powers' within the

[16]Section 1286.2 provides:

"Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following:

"(a) The award was procured by corruption, fraud or other undue means.

"(b) There was corruption in any of the arbitrators.

"(c) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

"(e) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

"(f) An arbitrator making the award was subject to disqualification upon grounds specified in Section 1281.9, but failed upon receipt of timely demand to disqualify himself or herself as required by that provision. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives."

[17]Section 1286.6 provides:

"Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that:

"(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

"(b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or

"(c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

Section 1284 authorizes an arbitrator, upon the application of any party (made within 10 days after service of a signed copy of the award), to correct any award upon any of the grounds set forth in subdivision (a) or (c) of section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant.

meaning of section 1286.2, subdivision (d) and section 1286.6, subdivision (b) merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators. 'The arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement.' " (*Moshonov, supra,* 22 Cal.4th at pp. 775-776, quoting *Moncharsh, supra,* 3 Cal.4th at p. 28.)

Contractual arbitration allows the parties to an arbitration agreement to define the powers of the arbitrator, as opposed to judicial arbitration in which the arbitrator's powers are defined by operation of law. (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 344 [79 Cal.Rptr.2d 308, 965 P.2d 1178].) Contractual arbitration proceedings may also be regulated by the arbitration rules, by the parties' contract, and/or by other provisions of law regulating such nonjudicial arbitration. (*Paramount Unified School Dist. v. Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1387 [32 Cal.Rptr.2d 311]; *Workman v. Superior Court* (1986) 176 Cal.App.3d 493, 498 [222 Cal.Rptr. 69].)

Because contractual arbitration is a matter of contract, the parties to an arbitration agreement are free to delineate the governing procedure, and *judicial review* is thus *strictly* limited to a determination of whether the party resisting arbitration in fact *agreed to arbitrate.* (*Charles J. Rounds Co. v. Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888, 892 [95 Cal.Rptr. 53, 484 P.2d 1397]; *O'Malley v. Wilshire Oil Co.* (1963) 59 Cal.2d 482, 490-491 [30 Cal.Rptr. 452, 381 P.2d 188]; §§ 1285-1288; *Lehto v. Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 939 [138 Cal.Rptr. 419].) If the parties have thus agreed to submit a dispute to arbitration, however, they are entitled to have the arbitrator actually decide all issues necessary to the resolution of that dispute. (§ 1283.4.)[18]

### 2. *The Power of an Arbitrator to Correct an Award Is Limited*

■ As already noted, an arbitrator is statutorily authorized to "correct" an award in two specific circumstances. (§§ 1284, 1286.6, subds. (a) & (c).)[19] In two recent cases, the Supreme Court has held that a *court* may not correct an arbitrator award where the arbitrator had *refused* to include an award of attorney fees for the prevailing party. In *Moshonov, supra,* 22 Cal.4th 771, the arbitrator was presented with a real estate dispute which arose out of a purchase agreement containing a clause providing for reasonable attorney fees to the prevailing party. The arbitrator found for the sellers

---

[18]Section 1283.4 provides: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

[19]See footnote 17, *ante.*

but *refused* to award them attorney fees in spite of the existence of such contractual provisions and in spite of the fact that the sellers were found to be the prevailing parties. (*Id.* at p. 775.) The arbitrator ruled that the wording of the contractual fee provision was not broad enough to be applied to the noncontractual tort claims that had been brought against the sellers. (*Ibid.*)

The unsuccessful plaintiffs asked the trial court to correct the award. They relied upon *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809 [37 Cal.Rptr.2d 558], a case in which the court had held that where a contractual provision *mandated* the award of attorney fees to the prevailing party *and* the arbitrator had made an express determination as to the prevailing party, the arbitrator exceeded its powers by refusing to include attorney fees in the award. In those circumstances, the arbitrator did not have the power to deny fees. (*Id.* at pp. 1814-1815.) The Supreme Court in *Moshonov* noted that the arbitrator in that case had so interpreted the underlying contract as to preclude an award of fees. If the arbitrator's interpretation was correct, no fees could legally be awarded and, if it were incorrect, the resulting refusal to award fees was judicially unreviewable. (*Moshonov, supra,* 22 Cal.4th at pp. 775-776.) Thus, in either event, the court could not review the award; *DiMarco* was clearly distinguishable.[20]

In *Moore, supra,* 22 Cal.4th 782, there was a dispute between a bank and one of its borrowers, which was submitted to arbitration. The arbitrator ordered each party to bear their own attorney fees even though the subject loan agreement provided that the prevailing party in any dispute over the agreement or its enforcement would be entitled to recover such fees and the plaintiff borrowers were successful in obtaining the equitable relief that they had sought. The trial court rejected the plaintiffs' request that the award be corrected to include fees. The *Moore* court affirmed, relying on the same reasoning as it did in the *Moshonov* case decided on the same day. "Where the entitlement of a party to attorney fees under Civil Code section 1717 is within the scope of the issues submitted for binding arbitration, the arbitrators do not 'exceed[] their powers' (§§ 1286.2, subd. (d), 1286.6, subd. (b)), as we have understood that narrow limitation on arbitral finality, by denying the party's request for fees, even where such a denial order would be reversible legal error if made by a court in civil litigation. [Citations.]" (*Moore, supra,* 22 Cal.4th at p. 784.)

The *Moore* court also distinguished the *DiMarco* decision when it emphasized that, unlike the arbitrator's ruling in *DiMarco*, the arbitrator in *Moore*

[20]The *Moshonov* court expressly declined to decide whether the reasoning applied in *DiMarco* was sound. (See *Moore, supra,* 22 Cal.4th at pp. 788-789.) Thus, it may still be an open question as to whether an arbitrator has the power to refuse to award fees where the prevailing party has been expressly designated in a dispute involving a contract containing a *mandatory* attorney fee clause.

did not designate the plaintiff borrowers as the prevailing parties either expressly or impliedly. (*Moore, supra,* 22 Cal.4th at p. 788.)[21]

Thus, while both *Moshonov* and *Moore* reaffirm the limited circumstances under which a court (and, given the provisions of § 1284 [see fn. 17, *ante*], an arbitrator as well) may correct an award, neither case reached the question of whether an arbitrator, who has designated a prevailing party (either expressly or *impliedly*) in a dispute where the contract expressly calls for such a prevailing party to be awarded attorney fees, as well as costs and interest, exceeds his or her powers, within the meaning of sections 1286.2 and 1286.6, by supplementing the award so as to include an award of attorney's fees, costs and interest where such matters had been *inadvertently omitted* from the original award. As already indicated, that is the issue which is raised by this case. We now turn to it.

3. *An Arbitrator May Not Correct an Error as to Fact or Law but May Modify or Amend an Award from Which a Ruling on a Submitted Issue Was Inadvertently Omitted*

We take from the foregoing authorities the principle that the power of an arbitrator to *correct* an award after it has been issued to the parties is limited to *evident* miscalculations of figures or descriptions of persons, things or property (§ 1286.6, subd. (a)) and *nonsubstantive* matters of form that do *not* affect the merits of the controversy. (§ 1286.6, subd. (c).) In other words, apart from those statutory exceptions, an arbitrator may not correct an award that he or she intended on the ground that he or she later determined a factual or legal error had been made in the award.

As one court recently put it, "It is, apparently, an ancient rule that 'when arbitrators have published their award by delivering it to the parties as the award, that it is not the subject of revision or correction by them, and that any alteration without the consent of the parties will vitiate it.' (*Porter* v. *Scott* (1857) 7 Cal. 312, 316.) The briefing in the *Porter* case cited precedent back to a Yearbook of Henry VI, as well as other venerable authority. (See also *Krautner* v. *Johnson* (1961) 189 Cal.App.2d 717, 718 [11 Cal.Rptr. 447] ['A change in substance would require vacation of the award . . . if it resulted in prejudice to either party . . . .'].) [¶] The Act [the California Arbitration Act, § 1280 et seq.], which became effective in September 1961, provides a comprehensive treatment of contract arbitration. Section 1284 codifies the rule against changes in the award. Some amelioration from the

---

[21]In *Moore,* although the plaintiff borrowers had prevailed on their claim for equitable relief, they did *not* recover the monetary damages they had requested.

stringency of the rule is provided in a referenced provision of section 1286.6, which allows correction of an award, but in very narrow terms. A court may correct and confirm an award as corrected for evident miscalculation of figures or evident mistake in a description, where the award exceeds the powers of the arbitrator (if the correction does not affect the merits of the decision on the controversy submitted), and for nonsubstantive matters of form." (*Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 501-502 [67 Cal.Rptr.2d 140], fns. omitted [an arbitrator had decided some, but not all, of the issues submitted to him and upon application of one of the parties, the arbitrator issued a supplemental award which increased the recovery of the prevailing party; held, that a private arbitrator was without power to issue such a supplemental award although a judicial officer purportedly sitting as an arbitrator could do so].)

Other courts have reached similar results. In *Severtson v. Williams Construction Co.* (1985) 173 Cal.App.3d 86 [220 Cal.Rptr. 400], it was held that the trial court had properly refused to confirm a new modified award issued by an arbitrator after he had been persuaded by one of the parties that he had "misunderstood" some of the evidence presented to him. The new award amounted to an improper reweighing or reconsideration of the merits of the original award since it clearly involved an attempt to correct errors in the interpretation of the evidence. This did not come within the recognized exception of an "evident miscalculation" (§ 1286.6, subd. (a)). (*Severtson, supra,* 173 Cal.App.3d at p. 93.) Therefore, the *Severtson* court held, the trial court properly confirmed the *original* award to reflect the actual attorney fee incurred by the prevailing party as opposed to the amount "estimated" by the arbitrator. "The award [for fees] could not thereafter be 'corrected' to reflect the attorneys' fees and costs actually incurred because the arbitrator's estimate, whether mistaken or not, was conclusive for the reasons set forth above in reference to 'correction' of awards generally." (*Id.* at p. 96.)

In *Banks v. Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34 [55 Cal.Rptr. 139, 36 A.L.R.3d 933], it was held that an arbitrator had no power to correct an award to include an award of general damages. It was apparent from the record that the award made by the arbitrator was in the exact amount of the special damages claimed by the plaintiff. In spite of this, the court applied the rules discussed above and concluded that this was *not* a correction which the arbitrator had the power to make. "[I]t is clear that section 1284 confers on an arbitrator power to make corrections only in a very limited area. The correction requested here was no mere recalculation, but a revision in substance, adding an element of damages not covered (according to plaintiff) in the award as rendered." (*Id.* at p. 37.)

Each of the above described authorities involved awards which the arbitrator *intended* to make, but that the arbitrator later sought to change. None of them presented the factual scenario that Landlord claims existed here. Landlord essentially argues that those authorities are not relevant where the arbitrator *inadvertently* omitted from the award rulings on issues that had been *expressly* submitted, and as to which the parties were *entitled* to a ruling. In this case, that omitted ruling related to a determination of the entitlement and amount of interest, attorney fees and costs. The resolution of these matters was expressly submitted to the arbitrator and vigorously litigated by the parties. Landlord argues that the arbitrator had the power to correct such an oversight. In other words, Landlord asks us to draw a distinction between an arbitrator's correction of an erroneous factual or legal ruling in a published award and the postpublication insertion of an intended ruling that had been inadvertently omitted. In support of that distinction, Landlord cites us to the recent decision in *A.M. Classic Construction, Inc. v. Tri-Build Development Co.* (1999) 70 Cal.App.4th 1470 [83 Cal.Rptr.2d 449] (*A.M. Classic*).[22]

In that case, a contractor sued a school district. The parties stipulated that their dispute would be resolved by binding arbitration. The arbitrator's award, however, did not resolve the issue of the validity of a stop notice, which was one of several claims raised in the parties' briefs. The contractor sent an ex parte letter, and made an ex parte call as well, to the arbitrator to point out this omission. The arbitrator issued an amended order, which was favorable to the contractor's position on the omitted issue. He also subsequently stated in a declaration that his failure to rule on the validity of the stop notice when making the initial arbitration award had been inadvertent.

---

[22]Landlord also cites us to *Rosenquist v. Haralambides* (1987) 192 Cal.App.3d 62 [237 Cal.Rptr. 260], where the arbitrator, after having issued an award that determined the prevailing party was entitled to recover a specific sum as well as attorney fees, specifically *reserved* jurisdiction to determine the *amount* of such fees after receipt of evidence on the issue from the parties. After receiving such evidence, the arbitrator issued a "corrected" award that made a specific award of attorney fees. In affirming the trial court's denial of the other party's petition to vacate the second award as beyond the power of the arbitrator, the court stated, "The procedure for determining the amount in fees to be paid ordinarily follows the decision as to who is the prevailing party. To do otherwise would require both sides to file all of their documentation in support of attorney fees prior to the decision of the arbitrator on the merits of the dispute. It is clear this was not the intention of the parties. The record in this case establishes that the parties contemplated the award of attorney fees would follow a determination on the merits of the dispute." (*Id.* at p. 67.) This ruling does support Landlord's argument in that the result in *Rosenquist* is consistent with the one we reach here. However, its authority in this case is somewhat limited in that its conclusion amounts to no more than a recognition of the commonsense proposition that when an arbitrator has actually made an award as to a prevailing party's right to fees, a supplemental hearing and award which determines the amount thereof is not improper. The case before us, on the other hand, involves an initial failure to reach or decide either issue.

Over the school district's objections, the superior court granted the contractor's petition to confirm the amended award, and the district appealed. The appellate court affirmed, holding that the arbitrator did not act in excess of his powers by issuing an amended award ruling on an *omitted* issue. While the appellate court did not approve of the use of ex parte contacts to bring the omission to the arbitrator's attention, it pointed out that such an amendment was not contrary to provisions of California's statutory scheme that regulates contractual arbitration. Therefore, it concluded, the trial court properly granted the petition to confirm the amended award.

The *A.M. Classic* court rejected the strict application of the statutory limitations on an arbitrator's ability to correct an award, as evidenced by the decisions of other courts,[23] where an omission in the original award was the product of inadvertence or mistake. It stated that "it would be irrational to discard all the time and money spent by the parties where an arbitration award is *inadvertently incomplete* in one respect and where the oversight can be corrected without substantial prejudice to the *legitimate interests* of a party. To deny arbitrators the authority to complete their task under such circumstances elevates form over substance. [¶] We conclude California's contractual arbitration law permits arbitrators to issue an amended award to resolve an issue omitted from the original award through the mistake, inadvertence, or excusable neglect of the arbitrator if the amendment is made before judicial confirmation of the original award, is not inconsistent with other findings on the merits of the controversy, and does not cause demonstrable prejudice to the legitimate interests of any party." (*A.M. Classic*, *supra*, 70 Cal.App.4th at p. 1478, italics added.)

The critical distinction recognized by the *A.M. Classic* court is the one between an *inadvertent omission* and the *correction of an error in an intended ruling*. That distinction is relevant to our resolution of this matter. As we have already discussed, it would appear to be settled that an arbitrator's power to "correct" a factual or legal error in an award is limited and circumscribed by specific statutory language. (§ 1286.6, subds. (a) & (c); see fn. 17, *ante*.) Here, however, the record strongly suggests that the arbitrator simply overlooked and failed to rule on the claims for fees, costs and interest that had been submitted to him. While these matters may have been peripheral to the major matters already included in the original award, they were nonetheless important items of compensation to which Landlord was clearly

---

[23]We note, however, that the court which decided *A.M. Classic* was the same one which had decided *Severtson v. Williams Construction Co., supra,* 173 Cal.App.3d 86. Unfortunately, the *A.M. Classic* opinion did not acknowledge, discuss or distinguish the *Severtson* decision, which, unless the *inadvertent omission* distinction is recognized, would appear to be contrary.

entitled, given the ruling made in the original award. Indeed, under some existing authority, the Landlord having effectively been designated the "prevailing party" by the fact of the arbitrator's award, the failure to then award attorney's fees was in excess of the arbitrator's authority. (*DiMarco v. Chaney, supra,* 31 Cal.App.4th at p. 1815.) That the designation of "prevailing party" status was *implied* here rather than express as in *DiMarco* would appear to be irrelevant. (*Moore, supra,* 22 Cal.4th at pp. 788-789.)

Given the Supreme Court's expressed ambivalence about the *DiMarco* decision,[24] however, we do not base our decision on its analysis. Rather, we believe that *A.M. Classic*'s recognition of the arbitrator's authority to supply, by means of a supplemental award, a ruling on one or more submitted issues as to which the parties were entitled to a decision but which was omitted from the initial award through the arbitrator's mistake, inadvertence or excusable neglect is entirely justified, *provided* such supplemental award (1) is requested and acted upon within the time allowed for the correction of an award by either statute or any controlling rules applicable to the arbitration,[25] (2) is made prior to confirmation of the original award (so that they both may be considered for confirmation together as would have been the case but for the inadvertent omission), (3) is not inconsistent with other findings on the merits of the controversy, and (4) does not cause demonstrable prejudice to the *legitimate* interests of any party. (*A.M. Classic, supra,* 70 Cal.App.4th at p. 1478.)

Whether the arbitrator's omission was actually due to mistake, inadvertence or excusable neglect, and whether each of the above four conditions has been satisfied, will necessarily raise factual questions as to which the burden of proof must be borne by the party seeking to sustain the supplemental or final award. We cannot determine from the record, however, whether these conditions have been met in this case. Although it had some relevant evidence before it, the trial court did not conduct any factual inquiry into these issues, because it applied the wrong legal standard when it granted the Tenants' motion to vacate and entered an order confirming the original award. Upon remand, the trial court should give each party an opportunity to make such further evidentiary presentation as they deem appropriate on the

---

[24]See *Moshonov, supra,* 22 Cal.4th at page 779, and *Moore, supra,* 22 Cal.4th at pages 786, 787.)

[25]This condition is not mentioned in *A.M. Classic,* but we believe it is necessarily required. A judicially endorsed right to modify or amend an award upon proof of an inadvertent omission should not enjoy more generous temporal restrictions than those provided for expressly authorized corrections or modifications under section 1284 (see fn. 17, *ante*) or applicable arbitration rules (see, e.g., AAA rule 48 [see fn. 9, *ante*]) in those cases where the parties have agreed to be bound by such rules.

question of whether the arbitrator's failure to include an award of attorney fees, costs and interest in the original award was due to an *inadvertent omission* and whether the above described four conditions have each been met. If the trial court finds from the evidence presented that this was the case, then Landlord would be entitled to confirmation of the Final Award and entry of judgment thereon. If, on the other hand, the Landlord is unable to meet its burden of proof, then the trial court's original order and judgment should be reentered.

## CONCLUSION

While we might wish it were not so, mistakes are made. They are made by lawyers, courts and even arbitrators. Where an arbitrator's mistake results in the inadvertent omission from an award of an intended ruling on an issue or issues which was or were submitted by the parties and as to which they anticipated and were entitled to a ruling, no injury to arbitral finality will result by a recognition of the arbitrator's authority to supply the omitted rulings *provided the conditions described above are satisfied.* Certainly, such a result is not precluded by any statutory provision, the applicable arbitration rules[26] or the agreement of the parties. To the contrary, the fundamental purpose of contractual arbitration is to finally resolve *all* of the issues submitted by the parties as expeditiously as possible (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251]), without the time and expense burdens associated with formal judicial litigation. (*Mercury Ins. Group v. Superior Court, supra,* 19 Cal.4th 332, 342). Indeed, for us to reach any different result would be both unjust and unfair, and would do nothing more than provide an undeserved windfall to the losing party and effectively defeat the *legitimate* expectations of *all* parties. Where the arbitrating parties have bargained for a *resolution* of specified issues, the arbitrator is bound to resolve them. (§ 1283.4.) In the interest of justice, an *inadvertent* failure to do so should not be impervious to a timely challenge and a prompt correction.

## DISPOSITION

The order confirming the original arbitration award of January 19, 1999, and denying confirmation to the Final Award of April 13, 1999, and the resulting judgment thereon, is reversed. The matter is remanded to the trial court with instructions to conduct further proceedings consistent with the

---

[26]Indeed, it may be argued that such a result is fully consistent with the arbitration rules that the parties agree were applicable in this case. (See fn. 9, *ante.*)

views expressed herein in order to determine whether the Final Award of April 13, 1999, should be confirmed and judgment entered thereon. If the trial court determines that Landlord has met its burden of proof as set out herein then confirmation of the Final Award and entry of judgment thereon is required. If, on the other hand, the trial court determines that Landlord has not met its burden, then the order confirming the original award and judgment thereon shall be reentered. Landlord shall recover its costs on appeal.[27]

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied February 15, 2001, and respondents' petition for review by the Supreme Court was denied May 6, 2001.

---

[27]Irrespective of the outcome of such evidentiary hearing, Landlord, as the prevailing party on this appeal, may also apply to the trial court, upon remand, for the recovery of such reasonable appellate attorney fees as to which the trial court finds it to be entitled under the terms of the parties' lease agreement.