[No. B188620. Second Dist., Div. One. Aug. 29, 2006.]

ALLSTATE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RAYMOND M. JESSEL et al., Real Parties in Interest.

COUNSEL

Luce, Forward, Hamilton & Scripps, Charles A. Bird, Peter H. Klee and Nathan S. Arrington for Petitioner.

No appearance for Respondent.

Engstrom, Lipscomb & Lack, Jerry A. Ramsey and Brian J. Heffernan for Real Parties in Interest.

OPINION

**VOGEL, J.**—This is an appeal from a nonappealable order granting a petition to vacate an arbitration award and ordering further proceedings before the same arbitrator. We treat the appeal as a petition for a writ of mandate, direct the court to correct the arbitration award to conform to the parties' agreement, and issue a writ commanding the trial court to vacate its order.

## FACTS

### A.

The 1994 Northridge earthquake damaged a hillside house owned by Raymond M. Jessel and Cynthia Thompson (collectively Jessel). Jessel submitted two claims under his homeowner's policy to Allstate Insurance Company, neither of which was resolved to his satisfaction. In 1998, Jessel sued Allstate for breach of contract, bad faith, and fraud. Allstate removed the case to the United States District Court.

In 2000, Jessel and Allstate (with both sides represented by counsel) signed a 13-page "Mediation and Arbitration Agreement" in which they agreed to dismiss Jessel's lawsuit, mediate their dispute and, if that failed, to "submit their dispute to binding arbitration" presided over by one of five named retired judges who would be "randomly selected" by the parties or, if that didn't work, by another mutually agreeable retired judge. The agreement provided: *"The decision of the arbitrator shall be final and not subject to review, reconsideration or appeal, and shall be issued without a written opinion other than to indicate which party prevailed and how much, if anything, Allstate shall pay to [Jessel].* Payment shall be made within fifteen days of mailing of the arbitrator's decision to the Parties. *The Parties waive any right to appeal or otherwise challenge the arbitrator's decision.* [Jessel] and Allstate agree that they each may be represented, at their own expense, by legal counsel at the arbitration. Notwithstanding the foregoing, nothing herein shall be construed to waive any rights the parties have under California Code of Civil Procedure §§ 1286.2, 1286.4, 1286.6, and 1286.8." (Italics added.)[1]

The scope of the arbitration was limited by this paragraph: "The sole issues to be decided at the arbitration shall be the claims of [Jessel] and the defenses of Allstate as set forth in [Jessel's] First Amended Complaint, as amended by [Jessel's] Amendment to Third Cause of Action, and Allstate's answer thereto filed in the [district court action]. The Parties shall attempt in good faith to stipulate to as many facts as possible prior to the arbitration."

After the parties tried but failed to resolve their dispute by mediation, Jessel filed a petition to compel arbitration and Allstate, in turn, removed the matter to the United States District Court. In late 2001, the parties resolved their procedural disagreements and selected an arbitrator (Hon. Harvey Schneider, Ret.), who thereafter heard and denied two summary judgment motions, then bifurcated the case into multiple phases. Evidentiary hearings were held in 2002 and 2003.

## B.

On December 20, 2004, the arbitrator issued his "Ruling on Submitted Issues." Contrary to the parties' agreement—that *"[t]he decision of the*

---

[1] All section references are to the Code of Civil Procedure. Sections 1286.2 and 1286.4 list the substantive grounds and procedural conditions for vacating an arbitrator's award, and sections 1286.6 and 1286.8 list the substantive grounds and procedural conditions for correcting an arbitrator's award. In short, the parties had the right to ask the trial court to vacate or correct the award on the basis of the statutory conditions.

*arbitrator . . . shall be issued without a written opinion other than to indicate which party prevailed and how much, if anything, Allstate shall pay to [Jessel]*"—the arbitrator issued a five-page ruling in which he spelled out his reasoning in detail, then gave Jessel "an award of $400,000.00 under Allstate's policy, less credit for any sums already paid to . . . Jessel[] by Allstate. Judgment shall be for Allstate on . . . Jessel's bad faith and promissory fraud claims. [¶] The issue of the costs and attorneys fees, if any, to which . . . Jessel[is] entitled, shall be addressed by the arbitrator after the issuance of this ruling."

## C.

On January 27, 2005, Jessel wrote to the arbitrator, asking (1) for clarification about the specific amount Allstate was required to pay (with credit for prior payments and Jessel's deductible) and (2) for reconsideration of one of the arbitrator's findings. The arbitrator denied the requests, explaining that "the arbitration agreement preclude[d] a party from seeking reconsideration," but also asked for letter briefs addressing his power to reconsider his December 2004 ruling.

In March, the arbitrator issued an "order" including the following rulings: "The arbitrator concludes that even though the issue of costs and attorneys' fees was specifically left open in the last ruling issued by the arbitrator, [*the December 2004*] *ruling nevertheless constituted a final award* which is not subject to reconsideration both by the terms of the arbitration contract executed by the parties and the applicable law. This conclusion does not, however, end the inquiry as far as the arbitrator is concerned.

"What must be known to all attorneys is that neither judges nor arbitrators are infallible. Moreover, the answers to issues that seem clear to attorneys advocating a cause are sometimes not at all clear to the judge or arbitrator charged with the task of deciding those issues. *What is clear to this arbitrator is this: whether it was the way the bad faith issue was previously presented, or because the arbitrator did not fully comprehend all of the ramifications of that issue, or both, it now appears to the arbitrator that his last ruling may well not have been a correct one.* Indeed, the arguments set forth in . . . Jessel's motion for clarification/reconsideration have caused the arbitrator to reach that conclusion.

"The arbitrator is also troubled by the fact that . . . Jessel[] contend[s] that the . . . defense on which the arbitrator relied in his last ruling was neither pled by Allstate in its answer nor even existed at the time the events in this case took place. . . . Jessel['s] 'apology' for not addressing these issues earlier provides little consolation to the arbitrator.

*"Finally, it boggles the arbitrator's mind that neither . . . Jessel[] nor Allstate pointed out to the arbitrator that the arbitration contract executed by the parties specifically provides that the decision of the arbitrator 'shall be issued without a written opinion.'* [¶] The arbitrator wishes to make it perfectly clear that if a court of competent jurisdiction rules that the arbitrator retains the inherent authority to modify his last ruling, because no final arbitration award has been issued, it is the specific intention of the arbitrator to withdraw that ruling and issue a revised ruling." (Italics added.)

### D.

Jessel filed a petition to vacate the December 2004 ruling, contending the arbitrator had "exceeded his powers" because the ruling had been based on an affirmative defense that was not raised in Allstate's answer. Jessel asked the trial court to allow the arbitrator to "finish the case, including all issues that were before him and in a manner consistent with California law the evidence that we presented to him."

Over Allstate's opposition, the trial court granted Jessel's petition, vacated the arbitrator's December 2004 award, and remanded the matter back to the same arbitrator—finding that he had yet to resolve all the issues.

Allstate appeals.

### DISCUSSION[2]

Allstate contends the trial court had only two choices—to deny the petition or to grant it and order a rehearing before a new arbitrator. (§§ 1286.2, subd. (a)(4), 1287.)[3] We agree with the first proposition and thus do not discuss the second.

---

[2] Allstate concedes that the trial court's order is not appealable, but both sides ask us to treat the appeal as a petition for a writ of mandate and reach the merits of Allstate's arguments. (*Olson v. Cory* (1983) 35 Cal.3d 390, 398–401 [197 Cal.Rptr. 843, 673 P.2d 720].) The request is granted.

[3] Section 1286.2, subdivision (a)(4), provides that the trial court shall vacate the arbitrator's award if the "arbitrator[] exceeded [his] powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." Section 1287 provides that "[i]f the award is vacated, the court may order a rehearing before new arbitrators. If the award is vacated on the grounds set forth in subdivision [(a)(4) or (a)(5)] of Section 1286.2,

■ *First*, the parties agreed that "[*t*]*he decision of the arbitrator . . . shall be issued without a written opinion other than to indicate which party prevailed and how much, if anything, Allstate shall pay to [Jessel]."* We therefore treat as surplusage the language of the award that goes beyond the arbitrator's statement of the amount to be recovered by Jessel. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 830 [88 Cal.Rptr.2d 366, 982 P.2d 229] [the powers of an arbitrator are limited and circumscribed by the arbitration agreement].)

*Second*, Jessel is simply wrong when he says the December 2004 award was not the final arbitration award. The arbitrator said it was; it resolves reserved issues, which suggests it resolves all remaining issues; it refers to an award of costs and fees, as does any final award or judgment; it is in writing and signed by the arbitrator; it includes a determination of the only question the arbitrator was required to answer in the award—the amount Allstate owes to Jessel. (§ 1283.4.)

■ *Third*, the parties "waive[d] any right to appeal or otherwise challenge the arbitrator's decision," thereby relinquishing their right to seek reconsideration. Hence, Jessel's motion for reconsideration was properly denied. (*Century City Medical Plaza v. Sperling, Isaacs & Eisenberg* (2001) 86 Cal.App.4th 865, 877 [103 Cal.Rptr.2d 605] [an arbitrator's power to correct an award after it has been issued to the parties is limited to "*evident* miscalculations of figures or descriptions of persons, things or property" and an arbitrator may not correct an award that he intended on the ground that he later determined a factual or legal error had been made in the award].)

■ *Fourth*, the parties retained their rights under sections 1286.2, 1286.4, 1286.6, and 1286.8, which means a petition to vacate the award could be granted only upon a showing that (a) the award was procured by corruption, fraud or other means; (b) there was corruption in the arbitrator; (c) the rights of the party were substantially prejudiced by misconduct of a neutral arbitrator; (d) the arbitrator exceeded his powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; (e) the rights of the party were substantially prejudiced·by the refusal of the arbitrator to postpone the hearing; or (f) there was a disclosure or disqualification issue. (§ 1286.2.) These are the only grounds for judicial

the court *with the consent of the parties* to the court proceeding may order a rehearing before the original arbitrator[]. . . ." (Italics added.)

review of an arbitration award. (*Crowell v. Downey Community Hospital Foundation* (2002) 95 Cal.App.4th 730, 735–740 [115 Cal.Rptr.2d 810]; *Oakland-Alameda County Coliseum Authority v. CC Partners* (2002) 101 Cal.App.4th 635, 638 [124 Cal.Rptr.2d 363]; *Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 45 Cal.App.4th 631, 638–639 [53 Cal.Rptr.2d 50].)

■ As Jessel concedes, the only possible basis for the trial court's order is a finding that the arbitrator exceeded his powers and the award cannot be corrected. We agree that the arbitrator exceeded his powers insofar as he stated the reasons for his decision, but his award can easily be corrected by deleting the surplusage so that the award is limited to the amount due to Jessel. Once the award is redacted, there is no support for Jessel's claim that the arbitrator exceeded his powers—because the award does what it is supposed to do by determining that Allstate in fact owed money to Jessel, and fixing the amount due.

*Fifth*, the parties, both represented by experienced and competent counsel, obviously went to some effort to craft their arbitration agreement to suit their purposes. They expressly and quite carefully agreed that the arbitrator's decision would be "final and not subject to review, reconsideration or appeal," and that it would be "issued without a written opinion other than to indicate which party prevailed and how much, if anything, Allstate shall pay to [Jessel]." They presumably expected the arbitrator to read and follow the terms of their agreement, and they agreed to be bound by his decision. The trial court's remedy— a remand to the same arbitrator for a further hearing at which the arbitrator has said he will make substantive changes to the award— is legally and contractually impermissible (see fn. 3, *ante*), and wholly inconsistent with the fundamental concept of binding arbitration.

For these reasons, we will issue a writ of mandate directing the trial court to vacate its order and enter a new order correcting the award and denying the petition to vacate the award.

## DISPOSITION

Allstate's appeal is construed as a petition for a writ of mandate and, as such, granted. A writ of mandate shall issue directing the trial court (1) to vacate its order vacating the arbitration award; to enter a new order (2) correcting the arbitration award by deleting the "Introduction" and "Discussion" in their entirety, leaving only the "Conclusion"; and (3) denying Jessel's petition to vacate the arbitration award. The parties are to pay their own costs of this "appeal."

Mallano, Acting P. J., and Rothschild, J., concurred.