Filed 4/2/25  Little v. The Regents of the U. of Cal. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MICHAEL LITTLE et al., | 2d Civ. No. B334021 |
| | (Super. Ct. No. 23CV00294) |
| Plaintiffs and Appellants, | (Santa Barbara County) |
| | |
| v. | |
| | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., | |
| | |
| Defendants and Respondents. | |

An employee and his union appeal an order confirming an arbitrator's award in favor of the employer.  (Code Civ. Proc.,[1] § 1285 et seq.)  The parties agreed that the arbitrator shall specify a remedy.  The trial court erred in confirming the award without the arbitrator's modification specifying a remedy.  We reverse.

---

[1] All further statutory references are to the Code of Civil Procedure.

## FACTS

Michael Little is a former University of California, Santa Barbara (UCSB) police officer. The Regents of the University of California (the Regents) were his employer.

On April 10, 2019, the UCSB police department placed Little on leave for the safety of police department personnel. Several officers had complained that Little performed an unannounced simulated "quick draw" of his firearm against other officers. Little did not actually draw a weapon. Nevertheless, department rules expressly forbid this type of quick draw except on the firing range under the range master's supervision. The Regents also accused Little of being dishonest during an investigation of the incidents. The Regents issued a notice of intent to terminate Little on January 14, 2020.

Little challenged his termination pursuant to an agreement between his union, the Federated University Police Officers' Association (Union), and the Regents. The agreement called for arbitration of the dispute. The arbitration agreement provided, "[T]he decision of the arbitrator will be restricted to whether there is a violation of the Agreement . . . . If such a violation is found, the arbitrator shall specify the remedy." The parties stipulated that the arbitrator shall retain jurisdiction to "clarify, interpret, and issue any necessary post-hearing rulings needed to carry out the findings and decisions."

On February 25, 2022, after an eight-day hearing, the arbitrator ruled the Regents had just cause to discipline Little on the charge of his "quick draw" activity. The arbitrator did not, however, specify a remedy. The arbitrator ruled the Regents did not have just cause to discipline Little on the charges of dishonesty. The arbitrator signed his ruling.

2

Because the ruling did not specify a remedy, the parties engaged in settlement discussions. The parties were unable to reach a settlement, and on August 9, 2022, Little sent a letter to the arbitrator requesting clarification on the appropriate discipline.

The arbitrator replied in an e-mail in part as follows:

"The Claimant is correct in his position that the Arbitrator has an obligation to clarify his or her decision when it is required. However in this instance the Grievant is requesting that the Arbitrator take a position and even recommend a level of discipline in this matter. [¶] The Award/Decision as well as the facts in this matter are clear. In that light the Employer has the right to decide its appropriate discipline based on the facts, nature of the violation, findings and its own rules. [¶] In that light, it would be inappropriate for the Arbitrator to recommend or suggest the level of discipline in this matter unless it was requested or stipulated by all parties."

Thereafter Little sent an e-mail to the arbitrator highlighting the requirement that "the arbitrator shall specify the remedy."

The arbitrator responded by e-mail that "any discipline short of termination would be appropriate."

The Regents filed a petition to confirm the original arbitration award without the arbitrator's clarification. Little filed a counter petition to confirm the arbitrator's award as clarified by the arbitrator's e-mail.

The trial court granted the Regent's petition and confirmed the arbitration award as originally written, disallowing any modification based on post-arbitration communications.

3

Little and Union[2] contend the arbitrator acted within his legal authority to issue a post-hearing ruling regarding the remedy.

The Regents argue that the original decision of the arbitrator is the final award. They rely on section 1283.4, which provides: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

The arbitrator's original award did not specify a remedy. But when asked to clarify the award, the arbitrator said termination was not appropriate.

The statutory grounds for modification of an arbitration award are specified in section 1286.6. But they do not include an inadvertently omitted issue. Nevertheless, courts have authorized the modification of an arbitration award where an issue has been inadvertently omitted.

In *A.M. Classic Construction Inc. v. Tri-Build Development Co.* (1999) 70 Cal.App.4th 1470, 1478 (*A.M. Classic*), we concluded: "California's contractual arbitration law permits arbitrators to issue an amended award to resolve an issue omitted from the original award through the mistake, inadvertence, or excusable neglect of the arbitrator if the amendment is made before judicial confirmation of the original award, is not inconsistent with other findings on the merits of the controversy, and does not cause demonstrable prejudice to the legitimate interests of any party."

*Century City Medical Plaza v. Sperling, Isaacs & Eisenberg* (2001) 86 Cal.App.4th 865, 881 (*Century City*), agreed with *A.M.*

---

[2] Little and Union are referred to collectively as "Little" hereafter.

*Classic* except for allowing the modification to be made at any time before judicial confirmation. In a footnote, *Century City* limited the time to amend or modify an arbitration award to the time specified in section 1284 or by arbitration rules agreed on by the parties. (*Century City, supra,* at p. 881, fn. 25.) Section 1284 provides in part: " 'The arbitrators, upon written application of a party to the arbitration, may correct the award . . . not later than 30 days after service of a signed copy of the award on the applicant. [¶] Application for such correction shall be made not later than 10 days after service of a signed copy of the award on the applicant.' "

*Delany v. Dahl* (2002) 99 Cal.App.4th 647 (*Delany*) disagreed with the time limitation in *Century City* and agreed with *A.M. Classic* that modification may be made at any time before judicial confirmation of the award. The *Delany* court stated:

"We conclude *A.M. Classic* states reasonable and complete standards, and the additional condition imposed by [*Century City*] is not warranted. *A.M. Classic* requires the amended award to be consistent with other findings on the merits of the controversy and not cause demonstrable prejudice to the legitimate interests of a party. These two requirements adequately protect the integrity of the arbitration award and are consistent with California case law on arbitration. The temporal requirement set forth in *A.M. Classic* – that the amendment must be made before judicial confirmation of the award – is a reasonable, bright-line test. To permit amendment until the trial court confirms the award furthers the policies set forth in *Moncharsh* [*v. Heily & Blase* (1992) 3 Cal.4th 1] and its progeny of ensuring finality of, and limiting judicial intervention in, the arbitration process. The additional time requirement imposed in [*Century City*] is not necessary to achieve these goals." (*Id.* at p. 659.)

For the reasons stated in *Delany*, the better rule is that modification may be made at any time before judicial confirmation of the arbitrator award. Here Little requested modification and the arbitrator responded prior to judicial confirmation of the award. Thus the modification was timely. The modification was consistent with the findings of the arbitrator, and did not prejudice the legitimate interests of the Regents. The Regents agreed that the arbitrator shall specify a remedy. They have no legitimate interest in an award without a specification of a remedy.

The Regents rely on section 1283.4 requiring the award to be in writing and signed by the arbitrator. Of course, the email modifying the award was not signed by the arbitrator. But the Regents do not dispute that the email was sent by the arbitrator with the intention of modifying the award by specifying the remedy. Under the circumstances, we treat the email as being in substantial compliance.

## DISPOSITION

The judgment (order) is reversed and the matter remanded to the trial court with instructions to confirm the arbitrator's award as modified by the arbitrator's email specifying a remedy. Costs are awarded to appellants.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.     CODY, J.

6

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Mastagni Holstedt and Jason M. Ewert, for Plaintiffs and Appellants.

Nye, Stirling, Hale, Miller & Sweet, Jonathan D. Miller and Alison M. Bernal, for Defendant and Respondent.