Filed 7/2/21  Tennant v. Ramirez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT J. TENNANT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIA G. RAMIREZ,<br><br>    Defendant and Appellant. | H046104<br>(Santa Clara County<br> Super. Ct. No. 17CV318277) |

Representing herself, appellant Maria G. Ramirez appeals a judgment confirming an arbitration award for substantial attorney fees and costs in favor of her former attorney, respondent Robert J. Tennant.  For the reasons explained below, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

A.  *Factual Background*[1]

Ramirez hired Tennant to bring an action for assets from the estate of her former domestic partner (decedent) based on oral promises for property and lifetime support decedent had made to her before his death.  Tennant brought suit against the estate on

---

[1] We take these facts from the arbitration award and the arbitrators' written statement of decision.  (See *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 367, fn. 1.)

Ramirez's behalf. Following a bench trial, the trial court entered a judgment awarding decedent's former house to Ramirez but denying her claim to lifetime support. Tennant recommended that Ramirez appeal the trial court order denying her lifetime support claim, and Ramirez agreed to do so—an action we refer to as "the estate appeal."

Over the course of Tennant's representation of Ramirez against decedent's estate, Tennant and Ramirez entered into five contingency fee agreements.[2] After the partial trial court verdict in Ramirez's favor in the estate litigation, Ramirez and Tennant disagreed over attorney fees owed. They executed in November 2014 the fifth and final contingency agreement (November 2014 contingency agreement), which provided that Tennant would accept a $225,000 payment for his work on the estate trial and Ramirez would pay Tennant a 69 percent contingency fee for any work on the estate appeal.

Tennant subsequently filed in the estate appeal an opening and reply brief. Shortly before oral argument, the estate offered to settle the appeal by giving Ramirez undeveloped land located next to the house awarded to her by the trial court. Ramirez, still represented by Tennant, accepted the estate's offer, and the estate appeal was dismissed.

Ramirez and Tennant disagreed over the amount of attorney fees she owed him for the estate appeal. Tennant maintained Ramirez owed him additional fees and costs pursuant to the terms of the November 2014 contingency agreement. Ramirez claimed that the $225,000 she already had paid to Tennant for the trial was sufficient and any further claim for fees by Tennant would be unconscionable.

Ramirez requested binding arbitration over the attorney fee dispute, and the matter was arbitrated through the local bar association. The arbitration hearing took place on October 9, 2017, before a three-member panel (panel or arbitrators). Ramirez and

---

[2] None of the fee agreements appears in the record on appeal.

2

Tennant testified at the hearing, and the panel received written evidence, including the November 2014 contingency agreement, which Ramirez acknowledged she had signed.

Two days after the arbitration hearing, the panel issued an award and written statement of decision in favor of Tennant (arbitration award). In the statement of decision, the panel summarized the issues presented as the validity and enforceability of the November 2014 contingency agreement and whether Ramirez owed Tennant money pursuant to it.

The panel found the November 2014 contingency agreement was enforceable and rejected Ramirez's assertion of unconscionability. In so doing, the panel applied the factors set forth in rule 4-200 of the Rules of Professional Conduct pertaining to " 'Fees for Legal Service.' " The panel observed that, in its experience, the 69 percent contingency fee contained in the November 2014 contingency agreement was high in comparison to the usual range of 40 to 50 percent. However, the panel concluded that the high contingency fee was not unconscionable under the circumstances.

Specifically, the panel found that "[i]n reviewing the course of the trial and the [estate] appeal, it is apparent that the Attorney did exercise considerable skill in resolving a complex matter based upon oral representations. Client started out essentially with nothing but oral promises, and ended up with [real property] collectively worth close to a million dollars. The process took two years, during which attorney advanced approximately $27,000 in costs and received no payment at all." Additionally, the panel noted that "Attorney had agreed to accept considerably less than the sum that was unquestionably owed to him for the trial of the Lawsuit."

The panel further found that, although there was some testimony from Ramirez that she did not understand the terms of the various contingency agreements, that evidence was not credible. Turning to the question of the amount Ramirez owed Tennant, the panel concluded that the relevant market value of the undeveloped property awarded to Ramirez to settle the estate appeal was $300,000. Factoring in the 69 percent

3

contingency to that amount and including certain costs incurred in the estate appeal, the panel concluded that Ramirez owed Tennant $207,658.42 in attorney fees and costs.[3]

B. *Procedural Background*

In May 2018, Tennant petitioned the trial court to confirm the arbitration award (petition). The record on appeal contains Tennant's two-page "notice of motion to confirm binding arbitration award as a judgment," but it does not include any memorandum of points and authorities or the declaration by Tennant referenced in that notice of motion.

Representing herself in the trial court, Ramirez filed a written opposition to Tennant's petition. She asserted she did not owe Tennant any additional money for his legal services, and the 69 percent contingency fee was unfair. Among other claims, Ramirez alleged Tennant breached his fiduciary duty as her attorney, including because he had gained an "interest in [her] home" and failed to make adequate disclosures of his adverse interests in violation of rule 3-310 of the Rules of Professional Conduct. She further claimed the panel failed to consider certain factual issues and applied the wrong legal standard when it awarded Tennant 69 percent of "the parcel of land without looking at the matter as whole." She requested that the trial court vacate the arbitration award and "the matter [be] referred for hearing before new arbitrators or to the prior arbitrators to decide on the above-mentioned issues."

On August 7, 2018, the trial court held a hearing on Tennant's petition and confirmed the arbitration award. Ramirez did not request a statement of decision, and the record on appeal does not include a reporter's transcript of the hearing. The record on appeal does include a settled statement dated April 23, 2019, issued by the trial court that states that it considered Ramirez's written opposition to the petition to confirm the

---

[3] In addition, the panel allocated the $1,000 fee arbitration filing fee to Ramirez. (See Bus. & Prof. Code, § 6203, subds. (a), (c).) She does not on appeal raise any issue related to that fee.

4

arbitration award, that Ramirez appeared at the August 7, 2018 hearing with an interpreter and made a "brief argument to the court," and that the court denied Ramirez's request to give "oral testimony."

The trial court entered judgment in favor of Tennant, awarding him $207,658 in damages, as well as prejudgment interest and costs. Ramirez timely appealed the order. (See *Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1470–1471.)

## II. DISCUSSION

Ramirez on appeal asserts the trial court's judgment confirming the arbitration award was erroneous, and it should either be corrected or dismissed. In addition to attacking the merits of the arbitration award, Ramirez generally argues the trial court prejudicially erred by improperly confirming the award and denying her request to present testimonial evidence.[4] Respondent Tennant has not participated in this appeal.

A. *Arbitration Award and Trial Court Judgment*

Ramirez's claims of error rest on two grounds for vacating an arbitration award set forth in Code of Civil Procedure section 1286.2.[5] Specifically, Ramirez appears to contend the arbitration award should be vacated because the arbitrators exceeded their powers (§ 1286.2, subd. (a)(4)) and because the award was procured through undue

---

[4] Prior to oral argument, an individual named Manuel Quiroz, Jr. submitted to this court a document written in English that purported to be a statement from Ramirez. Ramirez appeared at the telephonic oral argument on July 1, 2021, with the assistance of a court-provided, certified Spanish-language interpreter. At oral argument, Ramirez affirmed that this statement was hers and requested that this court consider it in lieu of oral argument. Quiroz, who was also present at the telephonic oral argument, testified under oath that he had translated the statement from Spanish to English. We ordered the written statement filed and have reviewed and considered it.

[5] Unspecified statutory references are to the Code of Civil Procedure.

5

means (§ 1286.2, subd. (a)(1)).[6]  Alternatively, she asserts that the trial court should have corrected the arbitration award.

     1.  Legal Principles

     The arbitration award issued here was made pursuant to the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, §§ 6200 et seq.).  "The MFAA establishes a system of arbitration before local bar associations in attorney fee disputes to provide 'an effective inexpensive remedy to a client which does not necessitate the hiring of a second attorney.' " (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 900.) The MFAA "borrows the [California Arbitration Act's] provisions for the confirmation of contractual arbitration awards, stating an MFAA arbitral award concerning fees and costs may be confirmed, corrected, or vacated 'in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure.' (Bus. & Prof. Code, § 6203, subd. (b).)" (*Id.* at p. 906.)

     Under the California Arbitration Act, "[a]rbitration awards may be vacated in only one of six statutorily enumerated circumstances. (Code Civ. Proc., § 1286.2.)" (*Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 546.)  "The party seeking to vacate an arbitration award bears the burden of establishing that one of the six grounds listed in section 1286.2 applies and that the party was prejudiced by the arbitrator's error." (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106 (*Royal Alliance*).)  These grounds constitute "very limited circumstances." (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 654.)  "An arbitrator's legal or factual error in determining which party prevailed may not be

---

    [6] It is not clear that Ramirez preserved these claims of error because her opposition filed in the trial court does not mention section 1286.2.  Nevertheless, even assuming she forfeited her claims by failing to advance them in the trial court, we exercise our discretion to address the substance of her claims. (See *Midway Venture LLC v. County of San Diego* (2021) 60 Cal.App.5th 58, 85.)

6

reversed." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 367 [addressing dispute between attorney and former client over legal fees and costs].)

" ' "On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard." ' " (*ECC Capital Corp. v Manatt, Phelps & Phillips, LLP* (2017) 9 Cal.App.5th 885, 900.) "Where, as here, neither side asked for, and the trial court did not issue, a statement of decision, 'the appellate court will infer the trial court made implied factual findings favorable to the prevailing party on all issues necessary to support the judgment, including the omitted or ambiguously resolved issues. [Citations.] The appellate court then reviews the implied factual findings under the substantial evidence standard.' " (*Id.* at pp. 900–901.)

### 2. Arbitrators' Powers

We turn first to Ramirez's contention based on section 1286.2, subdivision (a)(4), which applies when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).)

Generally, "an arbitrator exceeds his powers when he acts in a manner not authorized by the contract or by law." (*Jordan v. California Dept. of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443 (*Jordan*).) Arbitrators do not exceed their powers " ' "simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error " ' " (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 917.)

"However, '[a]rbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy.' [Citation.] 'This departure from the general rule applies only in "limited and exceptional circumstances." [Citation.]' [Citation.] These circumstances are limited to situations 'where an arbitrator's decision has the effect of violating a party's statutory rights or well-defined public policies—particularly those

7

rights and policies governing the conduct of the arbitration itself.' " (*Prima Donna Development Corp. v. Wells Fargo Bank, N.A.* (2019) 42 Cal.App.5th 22, 45 (*Prima Donna*).) "In determining whether an arbitrator exceeded his powers, we review the trial court's decision de novo, but we must give substantial deference to the arbitrator's own assessment of his contractual authority." (*Jordan*, *supra*, 100 Cal.App.4th at pp. 443–444.)

We decide that Ramirez has not carried her burden of showing trial court error under section 1286.2, subdivision (a)(4). As the appellant, it is Ramirez's burden to show that the trial court committed an error that justifies reversal of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) "[C]onclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) This court must hold a self-represented litigant to the same procedural rules as an attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

While Ramirez's brief recites the legal standard of review and discusses cases evaluating the confirmation of arbitration awards, she provides little if any legal argument beyond these general principles. Rather, Ramirez asserts summarily that she was "prejudiced by the Arbitration award and confirmation" and that she has unfairly overpaid her former attorney. However, she does not address the critical question of what legal error the trial court committed when it confirmed the arbitration award and failed to vacate it under one of the limited statutory grounds for vacating an arbitration award. (See *Royal Alliance*, *supra*, 2 Cal.App.5th at p. 1106.)

Ramirez's brief does recite alleged legal and factual errors made by the arbitrators.[7] However, the trial court had no legal authority to review the arbitrators'

---

[7] More specifically, Ramirez argues in her opening brief that the arbitration panel awarded the "exorbitant" 69 percent contingency fee "without any evidence or estimate about the time and hours the attorney spent on preparing and submitting the appeal, without any basis in the ambiguous and actual contingency fee agreement, without any

8

conclusion or "the validity" of their reasoning. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 (*Moncharsh*); *Prima Donna*, *supra*, 42 Cal.App.5th at p. 46.) "To permit judicial review of the arbitrator's award in this case would be contrary to the strong policy favoring the finality of arbitration awards, even though the amount awarded has been couched as a public policy violation." (*Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010) 187 Cal.App.4th 1405, 1418.)

Ramirez's challenge on appeal to the panel's authority is undercut by the fact that she initially sought to arbitrate the fee dispute and, based on the limited record before us, never challenged the authority of the panel. "A claimant may not voluntarily submit his claim to arbitration, await the outcome, and if the decision is unfavorable, challenge the authority of the arbitrator to act." (*University of San Francisco Faculty Assn. v. University of San Francisco* (1983) 142 Cal.App.3d 942, 954; see also *Zazueta v. County of San Benito* (1995) 38 Cal.App.4th 106, 111.)

Ramirez asserts that Tennant engaged in "illegal practices" and alludes to breaches of fiduciary duty. However, she does not develop that argument in any meaningful way or explain how it compels reversal of the judgment here. For example, while she cites to *Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, a case involving an attorney who violated the Rules of Professional Conduct by entering into business relationships with clients without complying with written disclosure and consent requirements (*id.* at p. 1141), she does not explain how those facts pertain to her case. The record does not reflect Tennant entered into any business relationship with Ramirez.

_____

evidence supporting the eleven factors set forth in Section 4-200 of the California Rules of Professional Conduct to determine unconscionability, without determining whether the attorney had violated fiduciary duties owed to a client, without properly applying California Rules of Professional Conduct 3-310 (Avoiding the Representation of Adverse Interests), and without applying quasi-contractual remedies when an attorney drafts an ambiguous fee agreement and omits material terms; and by justifying the $205,334.48 award based on the attorney's efforts in the underlying trial, thereby ignoring the attorney's specified efforts on the appeal."

9

For similar reasons, Ramirez's general citation to former rule 3-310[8] of the Rules of Professional Conduct is unavailing. We do not understand her to assert that the entire contingency agreement was illegal because of a fundamental conflict of interest in the attorney-client relationship. (Cf. *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 87 [holding law firm's ethical breach of failing to disclose known conflict with client rendered its engagement agreement with client "unenforceable in its entirety" and law firm was not entitled to the benefit of the arbitrators' decision awarding it unpaid contractual fees].) Even assuming arguendo she does make that assertion here, Ramirez fails to provide any factual support for it.

In short, Ramirez has not persuaded us that any statutory rights or public policy rights were violated or that the "limited and exceptional circumstances justifying judicial review" of an arbitration award apply. (See *Moncharsh, supra,* 3 Cal.4th at p. 32.)

Ramirez states that the trial court failed to review the "material points in the 69% contingency agreement," but the record reflects that she submitted the agreements to the court in connection with her opposition to Tennant's petition, and the trial court considered her opposition. We are further unable to assess her claims of what terms of that agreement were "material" or otherwise ambiguous, even assuming arguendo we have such authority, because the agreement is not before us. On the limited record before us, we discern no error by the trial court.

In sum, we reject her claim that the trial court erred by not finding that the arbitration award was subject to vacatur under section 1286.2, subdivision (a)(4).

---

[8] "California's Rules of Professional Conduct underwent comprehensive amendments that took effect November 1, 2018." (*Antelope Valley Groundwater Cases* (2018) 30 Cal.App.5th 602, 619, fn. 12.) In this case, the former rules were in effect at all relevant times and we need not address the current rules to resolve the claims at issue here. (*Ibid.*)

### 3. Undue Means

Ramirez also appears to cite to section 1286.2, subdivision (a)(1), as a ground for vacating the arbitration award. That statutory provision states a court may vacate an arbitration award if "[t]he award was procured by corruption, fraud or other undue means." (§ 1286.2, subd. (a)(1).) The words "corruption," "fraud," and "other undue means," as used in section 1286.2, all " 'clearly connote[] behavior that is immoral if not illegal.' " (*Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 825.)

We understand Ramirez's claim to focus on the ground of "other undue means." Ramirez cites, for example, to *Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, which analyzed the phrase "undue means" in the context of an attorney's potential conflict of interest. (*Id.* at p. 825–826.) The court explicitly rejected the argument that unfairness alone constitutes undue means. (*Id.* at p. 826.) The court ruled against the party seeking to vacate the arbitration award, holding that the party "failed to show by clear and convincing evidence that a conflict existed and that it had a substantial impact on the panel's decision." (*Id.* at p. 837.)

On appeal, Ramirez fails to identify any fact that would undermine the fairness and integrity of the arbitration process in her case. After she initiated the arbitration process, Ramirez was able to testify at the arbitration hearing and submitted documents as evidence for the arbitrators to consider. While she generally states the contingency fee itself was unfair, she does not identify deficiencies in the fairness or integrity of the arbitration process itself. Thus, her claim based on undue means under section 1286.2, subdivision (a)(1), fails.[9]

_____

[9] Ramirez also argues that the arbitration award should be "corrected" rather than vacated. We understand her argument to be related to section 1286.6, subdivision (b), which states in pertinent part that "[t]he court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that: [¶] . . . [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted."

11

### 4. Trial Court Order Denying Her Evidentiary Request

We also reject Ramirez's claim that the trial court erred by confirming the arbitration award without providing her "a chance of additional testimonial evidence." Ramirez fails to cite to any authority supporting her claim that the trial court was required to let her present testimony at the hearing on Tennant's petition to confirm the arbitration award and therefore has forfeited this claim on appeal. (See *Nein v. HostPro, Inc.* (2009) 174 Cal.App.4th 833, 855.)

Furthermore, we are unaware of any authority that allows, let alone requires, the trial court to hear additional evidence at a hearing under the circumstances here, where an arbitration pursuant to the MFAA had long concluded. Under the MFAA, a party generally may only seek a trial de novo within 30 days after service of the arbitration award under the MFAA. (§ 6204; *Maynard v. Brandon* (2005) 36 Cal.4th 364, 376 ["A party who fails to timely request a trial de novo normally may be presumed to have acquiesced in the result reached through arbitration."].) There is no indication in the record that Ramirez satisfied this requirement and, applying the required presumptions on appeal in favor of the judgment against Ramirez, we must presume she did not. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

For these reasons, Ramirez has not shown that the trial court committed reversible error when it denied her request to present testimony at the hearing on the petition.

## III. DISPOSITION

The judgment confirming the arbitration award is affirmed. Because respondent Tennant did not participate in this appeal, there are no costs on appeal to award. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 704.)

---

(§ 1286.6, subd. (b); *Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775.) As Ramirez does not advance any additional arguments for why the award should be corrected other than the general arguments we have already rejected, we decide that the trial court did not err in refusing to correct the award under section 1286.6, subdivision (b).

_____

                                 Danner, J.

WE CONCUR:

_____

Greenwood, P.J.

_____

Grover, J.

**H046104**
***Tennant v. Ramirez***